## BLOSSOM vs. LUDINGTON, imp.

*Appealable order.*

An order requiring a party to an action to submit to an examination as a witness for the opposite party, being a substitute for a bill of discovery, is a provisional remedy, and is appealable. Tay. Stats., 1635, § 11.

APPEAL from the Circuit Court for *Milwaukee* County.
*Carpenter & Murphey*, for plaintiff and respondent.
*Mariner & Smith*, contra.

Holden vs. Meadows and others.

LYON, J. The appeal herein is from an order of the circuit court requiring the appellant to submit to an examination as a witness. The respondent moves to dismiss the appeal, for the alleged reason that such order is not appealable.

In *Noonan v. Orton and another*, 28 Wis., 386, we held that an order requiring a party to give the adverse party an inspection and copies of certain papers and documents in the possession of the former, was a provisional remedy, and therefore appealable. The reasoning which impelled us to that conclusion need not be repeated here. It is sufficient to say that it is equally applicable to the order from which the appeal in this action was taken; and the decision in that case is conclusive of the question presented by this motion, and decides it against the respondent. It must be held, therefore, that an order made pursuant to the statute (Tay. Stats., 1602, § 80), requiring a party to be examined as a witness, at the instance of the adverse party, is a provisional remedy in that it is a substitute for and performs the functions of a bill of discovery, and gives affirmative relief, when the exigencies of the case demand it, "outside of and beyond those ordinary proceedings which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court." An order which grants a provisional remedy is appealable. Tay. Stats., 1635, § 11.

*By the Court.*— The motion to dismiss the appeal is denied.