KERKHOFF, Appellant, v. AMERICAN AUTOMOBILE INSURANCE COMPANY and another, Respondents.*

*September 5—October 3, 1961.*

* Motion for rehearing denied, with $25 costs, on November 28, 1961.

238

For the appellant there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondents there was a brief and oral argument by *James W. Lane* of Milwaukee.

DIETERICH, J. The appeal from the order of December 19, 1960, must be dismissed because such order concluded with these words, "Let judgment be entered accordingly." Thus it was an order for judgment, which is a nonappealable order. *Mitler v. Associated Contractors* (1958), 3 Wis.

(2d) 331, 332, 88 N. W. (2d) 672, and cases cited therein. The appeal from the original judgment of November 21, 1960, will also be dismissed because it is entirely in plaintiff's favor and was entered upon her own motion.

While plaintiff has appealed from the whole of the amended judgment of December 19, 1960, her brief makes it clear that she is only attacking the provision thereof which directs the clerk to satisfy one half of the amount of the judgment.

Plaintiff contends on this appeal that Lansberry and Callsen were not joint tort-feasors and, therefore, it was error for the trial court to direct that one half of the judgment be satisfied on the theory that the release given Lansberry automatically reduced plaintiff's damages recoverable against Callsen and her insurer by one half. Plaintiff points to the fact that she made a written request for the inclusion in the verdict of questions inquiring as to Lansberry's causal negligence, but the trial court refused such request.

At common law a release of one of two joint tort-feasors released the other. *Kropidlowski v. Pfister & Vogel Leather Co.* (1912), 149 Wis. 421, 423, 135 N. W. 839. Conversely, a release for a consideration given by the injured person to a person who in fact is not liable for the injury will not operate to discharge the tort-feasor, or tort-feasors, who are liable. Anno. 148 A. L. R. 1270, 1292, and cases cited therein.

In 1927, our legislature enacted the Uniform Joint Obligations Act, ch. 113, Stats. Secs. 113.04 and 113.05 of such act [1] have changed the afore-mentioned harsh common-law

[1] "113.04 Subject to the provisions of sec. 113.03, the obligee's release or discharge of one or more of several obligors, or of one or more of joint, or of joint and several obligors shall not discharge co-obligors, against whom the obligee in writing and as part of the same transaction as the release or discharge, expressly reserves his

rule that a release of one joint tort-feasor releases all. For cases illustrating the application of these statutes, see *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* (1953), 264 Wis. 493, 59 N. W. (2d) 425, and *Heimbach v. Hagen* (1957), 1 Wis. (2d) 294, 83 N. W. (2d) 710. However, the Uniform Joint Obligations Act did not change the prior-existing rule that a release by the injured person of a party not liable for the injury will not operate to discharge those who are liable. *Papenfus v. Shell Oil Co.* (1949), 254 Wis. 233, 35 N. W. (2d) 920, is an example of the application of such latter rule. There it was held that a tort-feasor was not entitled to credit, on his liability to the injured party, the amount which the injured party had received from a third party, who was not liable to the plaintiff, in return for a covenant not to sue.[2]

---

rights; and in the absence of such reservation of such rights shall discharge co-obligors only to the extent provided in sec. 113.05."

"113.05 (1) If an obligee releasing or discharging an obligor without express reservation of rights against a co-obligor, then knows or has reason to know that the obligor released or discharged did not pay so much of the claim as he was bound by his contract or relation with that co-obligor to pay, the obligee's claim against that co-obligor shall be satisfied to the amount which the obligee knew or had reason to know that the released or discharged obligor was bound to such co-obligor to pay.

"(2) If an obligee so releasing or discharging an obligor has not then such knowledge or reason to know, the obligee's claim against the co-obligor shall be satisfied to the extent of the lesser of two amounts, namely (1) the amount of the fractional share of the obligor released or discharged, or (2) the amount that such obligor was bound by his contract or relation with the co-obligor to pay."

[2] While not material to this appeal, it is well to note that the statements in the opinion in the *Papenfus Case,* which refer to the payment made by the settling party as a "gratuity" and a "voluntary contribution," have in effect been overruled by subsequent cases. *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 106, 92 N. W. (2d) 247, and *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 512, 518, 99

No authority need be cited in support of such a well-recognized rule of tort law that an injured plaintiff, in a suit against a tort-feasor liable for the injury, is ordinarily entitled to judgment for the full amount of his damages even though there may be one or more other persons also liable. Therefore, when the action was dismissed against Lansberry and his insurance carrier and continued against Callsen and her insurance carrier, in order for the latter defendants to receive any credit on their liability to the plaintiff because of the release given by plaintiff to Lansberry and his insurance carrier, it was these defendants' burden to establish all facts necessary to have such release so operate. Included in such burden was the establishment that Lansberry had been guilty of some causal negligence which had contributed to the plaintiff's injury so as to make Lansberry a joint tort-feasor with Callsen.

However, it is also an elementary rule of trial practice that even a party carrying the burden of proof does not have to present evidence on an issue admitted or conceded by the pleading of the opposite party. Here all during the course of trial the allegations stood in the plaintiff's complaint that the negligence of both Lansberry and Callsen had contributed to cause plaintiff's injuries. Therefore, there was no necessity for Callsen and her insurance carrier to offer any evidence on the issue of Lansberry's causal negligence.

The request of plaintiff at the end of the trial, that questions be submitted in the verdict inquiring as to Lansberry's causal negligence was properly denied. This is because as the pleadings then stood there was no issue presented as to Lansberry's negligence to be tried.

The majority of the members of this court affirm. The writer and Mr. Justice HALLOWS would exercise this court's

N. W. (2d) 746. See also Restatement, Restitution, p. 290, sec. 71 (2), which lays down the principle that one who pays the liability of another in response to the threat of a civil suit is not a volunteer.

discretionary power and grant a new trial on the issue of Lansberry's negligence.

*By the Court.*—The appeal from the order and the original judgment is dismissed. The amended judgment is affirmed.