WHANGER and husband, Respondents, v. AMERICAN
FAMILY MUTUAL INSURANCE COMPANY and another,
Appellants.

*No. 7. Argued March 26, 1973.—Decided May 14, 1973.*
(Also reported in 207 N. W. 2d 74.)

464

"...

For the appellants there was a brief by *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.,* attorneys, and *Richard E. Hemming* of counsel, all of Janesville, and oral argument by *John C. Wickhem* and *Richard E. Hemming.*

For the respondents there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Kenneth H. Conway* and *Vaughn S. Conway.*

BEILFUSS, J. Prior to argument in this court the plaintiffs-respondents moved to dismiss the appeal upon the ground that the order appealed from was a non-appealable order. The court denied the motion without prejudice and with leave to reassert the motion at the time of argument.

Sec. 274.33 (3), Stats., provides in part:

"**Appealable orders.** The following orders when made by the court may be appealed to the supreme court:
"...

"(3) When an order grants, refuses, continues or modifies a provisional remedy . . . ."

The plaintiffs contend the order is not appealable because (1) although it granted a provisional remedy (the

independent medical examination) it was for the benefit of the defendants-appellants and upon their own motion; and (2) the part of the order appealed from (counsel's presence at the examination) is only a procedural direction and does not grant, refuse, continue or modify a provisional remedy as required by sec. 274.33, Stats.

It is true that the defendants-appellants sought the independent medical examination and the order entered and appealed from indicates they were the moving parties. More significantly, it was plaintiffs-respondents' counsel who drafted and submitted the challenged order. The only part of the order that is in dispute is the provision for presence of counsel. This provision was consistently objected to by defendants' counsel. The plaintiffs-respondents inserted the provision in the order solely for their benefit. This portion of the order appealed from was obtained by the plaintiffs for their benefit and to that extent is their order.

The case of *Kerkhoff v. American Automobile Ins. Co.* (1961), 14 Wis. 2d 236, 240, 111 N. W. 2d 91, cited by the plaintiffs, must be distinguished. Therein this court dismissed an appeal from a judgment because it was ". . . entirely in plaintiff's favor and was entered upon her own motion." The order here is not entirely in defendants' favor and the disputed part of the order was not upon defendants' motion. The appeal should not be dismissed upon the ground that the order granted an order in favor of the defendants-appellants on their motion under the facts of this case.

This court has consistently held that statutory discovery devices were provisional remedies [2] and therefore

---

[2] *Blossom v. Ludington* (1872), 31 Wis. 283; *Bavarian Soccer Club, Inc. v. Pierson* (1967), 36 Wis. 2d 8, 14, 153 N. W. 2d 1; *Halldin v. Peterson* (1968), 39 Wis. 2d 668, 159 N. W. 2d 738; *Fanshaw v. Medical Protective Asso.* (1971), 52 Wis. 2d 234, 190 N. W. 2d 155.

an order which grants, refuses, continues or modifies this provisional remedy is appealable.[3]

The plaintiffs-appellants contend that the portion of the order appealed from does not grant, refuse, continue or modify a provisional remedy. They argue the provision for the presence of counsel is only a procedural direction and therefore not appealable. In support of their position they cite *State ex rel. Finnegan v. Lincoln Dairy Co.* (1936), 221 Wis. 15, 17, 265 N. W. 202, which held: ". . . While the whole proceeding for the examination of an adverse party is properly held to be a provisional remedy, determining the procedural steps which may properly be taken when the remedy is invoked in a particular case is not the remedy itself. . . ."

We regard the insertion of the provision for the presence of the plaintiffs' attorney by the plaintiffs' attorney in an order for an independent medical examination to be a modification of the order as originally orally announced by the trial court at the conclusion of the hearing.

No reference at all appears in the record of the hearing as to the presence of counsel during the medical examination nor does the doctor's refusal to conduct the examination. Under the circumstances, the portion of the order appealed from goes beyond mere procedure but is a challenge to the independent nature of the examination. While admittedly a close question, the majority of the court is of the opinion the inserted provision for presence of counsel at the examination is a modification of the provisional remedy [4] and therefore appealable.

---

[3] *See* sec. 274.33, Stats., *supra.*

[4] The writer of this opinion and Mr. Justice HANLEY would hold this is a matter of procedure, not a modification, and as such not appealable. We do agree, however, that the principal issue is of such importance that it could be reached by an original writ of prohibition.

The principal issue before us is whether our medical discovery statute, sec. 269.57 (2), gives the trial court the authority and discretion to order the presence of plaintiffs' counsel during the independent medical examination of the plaintiff conducted for the benefit of the defendants.

Sec. 269.57 (2), Stats. 1969, provides in part:

"(2) The court or a presiding judge thereof may, upon due notice and cause shown, in any action brought to recover for personal injuries, order the person claiming damages for such injuries to submit to a physical examination by such physician or physicians as such court or a presiding judge may order and upon such terms as may be just; . . ."

Defendants-appellants and plaintiffs-respondents cite numerous cases from other jurisdictions that have dealt with this problem. The opinions in those cases are not uniform.[5] Upon analysis they are not helpful since most

---

[5] In *Bowing v. Delaware Rayon Co.* (1937), 38 Del. 206, 190 Atl. 567, the court held that the statute does not provide for counsel's presence at such examination, and to allow it would serve no useful purpose, and it would interfere with and unduly prolong the examination. In *Pedro v. Glenn* (1968), 8 Ariz. App. 332, 335, 446 Pac. 2d 31, the court held, ". . . it was an abuse of discretion to condition the defendant's discovery rights in relation to the requested psychiatric examination by requiring that it be conducted only in the presence of plaintiff's counsel or a court reporter." In *Sharff v. Superior Court* (1955), 44 Cal. 2d 508, 510, 282 Pac. 2d 896, the court held, ". . . Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and . . . [therefore] the plaintiff . . . should be permitted to have the assistance and protection of an attorney during the examination. . . ." In *Pemberton v. Bennett* (1963), 234 Ore. 285, 287, 381 Pac. 2d 705, the court held, ". . . whether or not counsel can insist on being present at a medical examination of his client by a physician other than the treating physician, is a matter largely within the discretion of the trial court." In *Simon v. Castille* (3d Cir. 1965), 174 So. 2d 660, the court held it must

of those decisions dealt with a construction of their own statutes as applied to the particular circumstances of that case. Anno. 64 A. L. R. 2d 497; 23 Am. Jur. 2d, *Depositions and Discovery,* p. 593, sec. 222.

This court has never specifically ruled on the matter. Sec. 269.57 (2), Stats., is silent on its face as to the presence of counsel but the language of that statute does state that the court *may* order the examination ". . . upon such terms as may be just; . . ." In our opinion the word "may" and the phrase "upon such terms as may be just" put this matter within the trial court's discretion. *Shier v. Freedman* (1970), 49 Wis. 2d 41, 181 N. W. 2d 400, and *Tilsen v. Rubin* (1954), 268 Wis. 131, 66 N. W. 2d 648, support this proposition. In *Shier,* this court interpreted sub. (1) of sec. 269.57 as being within the discretionary power of the court to grant or deny discovery. In *Tilsen,* this court held that the scope of review of the trial court's order under sec. 269.57 (1) is limited to a finding of an abuse of discretion. The court stated, at page 134:

> "The language of the statute identifies the order which plaintiff seeks to obtain as one discretionary with the trial court. Accordingly, we should not reverse unless convinced that the court's action constituted a clear abuse of discretion. The statute is a remedial one and must be construed liberally. *Worthington P. & M. Corp. v. Northwestern Iron Co.* (1922), 176 Wis. 35, 186 N. W. 156. The burden of establishing such abuse of discretion is on the appellant. . . ."

Although we have determined that the presence of a personal injury claimant's counsel at an independent medical examination is a matter resting within the sound discretion of the trial court, we believe some guide-

---

be presumed the doctors will conduct their physical examinations properly; however, if good cause is shown, the trial judge in his discretion can order counsel's presence.

lines should be set forth for the sound exercise of that discretion.

Independent medical examinations are not adversary proceedings per se but rather investigation and preparation for trial. Opposing counsel's presence is not necessary and ordinarily he can add nothing to the adequacy of the examination. There may be instances where the character, personality or sophistication of the personal injury claimant are such that his counsel could give him assurance and confidence and assist in communicating so as to be beneficial to the examining physician and provide for a more accurate examination. There also may be instances of hostility between the physician and the claimant, or reluctance or fear on the part of the claimant. In these and other situations where a need or prejudice is established, counsel should be permitted to be present. However, the burden to show need or prejudice should be upon the claimant. If need or prejudice is shown, the court then, in the exercise of its discretion, can order the presence of counsel upon such terms as may be just.

In the case at hand, it does not appear from the record that the trial court had sufficient information before it (other than correspondence by counsel after the hearing) upon which to exercise its discretion.

At the hearing on December 22, 1971, there was no request to have counsel present at the independent medical examination nor any showing of why it should be ordered. Nor was there any opposition to his presence by the defendants until after the order was drawn by plaintiffs' counsel. The affidavit by the doctor stating his objection to counsel's presence was not filed until after the notice of appeal was filed. It can hardly be a basis for challenging the discretion exercised by the court.

We have concluded that part of the order of February 4, 1972, providing for the presence of counsel at the independent medical examination, should be reversed and the matter remanded to the trial court with the direction to reschedule a hearing upon this limited issue wherein the parties may properly present their respective positions and the court exercise its discretion.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.