[No. 1179-2. Division Two. March 28, 1975.]

WILMER M. TIETJEN, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*

*Eugene Arron* (of *Walthew, Warner, Keefe, Arron, Costello & Thompson*), for appellant.

*Slade Gorton, Attorney General,* and *Edwin J. McCullough, Jr., David W. Robinson, Assistants,* for respondent.

ARMSTRONG, C.J.—Wilmer M. Tietjen appeals from a judgment granting the motion of the Department of Labor and Industries to dismiss his claim on the basis of insufficiency of the evidence to support a jury verdict. Claimant Tietjen's testimony relating to psychiatric disability was

stricken following his failure to comply with an order of the Board of Industrial Insurance Appeals requiring a CR 35 psychiatric examination, at the department's request.

Tietjen contends that refusal to be examined without his wife's presence was not a violation of the order, that it was error to order such an examination 2½ months after he rested his case, and that the striking of the testimony was an improper sanction under CR 37 for claimant's alleged failure to comply with discovery rule CR 35.

We hold that the judgment must be reversed because the department did not demonstrate diligence in seeking additional psychiatric testimony and the striking of claimant's testimony was an improper sanction in this case.

Tietjen suffered an industrial injury to his back on November 19, 1962. After administrative procedures he received time loss payments for temporary total disability between 1963 and 1967. His claim was finally closed on May 11, 1970, with an award of 25 percent of the maximum amount allowable for unspecified permanent disability.

In his notice of appeal to the board on the final closing order, Tietjen alleged that the injury had affected both his physical and mental condition.

A conference with the hearing examiner was held on August 27, 1970. At this conference hearing dates for the claimant's but not the department's testimony were scheduled. Also at this conference, the department moved for a CR 35 mental examination, but after a discussion off the record the department requested that the motion be kept in suspense. At that time the department was obviously aware of some problems in obtaining the testimony of Dr. Fisk, their psychiatric witness who had examined claimant at a time close to the final closing of his claim.

At the original hearing before the examiner on October 23, 1970, Tietjen testified. At a continued hearing on November 4, 1970, he presented the testimony of a general practitioner, Dr. Brown, and Dr. Jarvis, a psychiatrist, and rested his case. At the conclusion of the November 4 hear-

ing, the matter was continued to a date to be set by agreement of the parties for presentation of the department's medical testimony of Drs. Gray and Fisk. Prior to such scheduling, on January 20, 1971, the department moved for a CR 35 examination by Dr. Freidinger, a psychiatrist, stating that Dr. Fisk was unavailable to testify. The claimant objected, contending that the department did not show good cause for an examination at a point after he had rested his case. The motion was granted. Claimant objected further, basing his objections on, in addition to the above, "the past experience" he had had with Dr. Freidinger. An amended motion was made, followed by a February 19, 1971, order requiring Tietjen to undergo a psychiatric examination by Dr. Freidinger on March 5, 1971. He appeared for the examination, but refused to be examined unless his wife was allowed to be present. As the board order stated, "Apparently Dr. Freidinger took the position that from a professional point of view, it was impossible for him to conduct a satisfactory examination in the presence of a third party."

On March 9, 1971, the department moved to dismiss the appeal or in the alternative to strike testimony relating to psychiatric disability presented by the claimant. At a hearing held on April 15, 1971, oral argument was had on the motion and Tietjen's affidavit, stating the reasons for his refusal to be examined by Dr. Freidinger without his wife present, was received. On April 16, 1971, the examiner ordered that all claimant's testimony relating to psychiatric disability be stricken. On May 16 and June 29, 1971, both parties presented lay testimony. Claimant petitioned for board review. On May 25, 1972, the board upheld the decision of the hearing examiner. Tietjen appealed to the Superior Court for Clallam County and upon the department's motion, judgment was entered affirming the board's holding and dismissing the appeal for failure to state a prima facie case for recovery.

Civil rule 35(a)[1] applies in workmen's compensation cases,[2] as well as other civil proceedings, and therefore the board had the authority to enforce a valid order for psychiatric examination. Claimant contends that he did not refuse to obey the CR 35 examination order by conditioning it upon his wife's presence.

■ Even though claimant desired the presence of a witness, he was not entitled to have his wife present during the psychiatric examination requested by the department. The presence of a family member would inhibit the atmosphere of free expression necessary to a psychiatric examination and would not serve the important function that an attorney would. A plaintiff or claimant is, however, entitled to have his attorney present at such an examination.

Though this jurisdiction has not faced this question, the general rule is that during a physical examination of the plaintiff requested by the defendant, the plaintiff is entitled to have his attorney present. *Sharff v. Superior Court*, 44 Cal. 2d 508, 282 P.2d 896, 64 A.L.R.2d 494 (1955); *Steele v. True Temper Corp.*, 174 N.E.2d 298 (Ohio C.P. Ashtabula County 1961); 64 A.L.R.3d 497 (1959). In *Sharff*, the court stated at page 510:

> The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legiti-

[1]CR 35(a) provides:

"When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

[2]RCW 51.52.140 provides in part:

"Except as otherwise provided in this chapter, the practice in civil cases shall apply to appeals prescribed in this chapter."

mate scope of the examination. [Citations omitted.] Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril.

We see no reason why a different rule should be applied where a psychiatric examination is ordered. A CR 35 medical and mental examination is a legal proceeding, at which the plaintiff is entitled to representation. A physician-patient relationship establishing privilege does not exist where the plaintiff in a personal injury action is examined by a physician at the request of the defendant. *Strafford v. Northern Pac. Ry.*, 95 Wash. 450, 164 P. 71 (1917). There may be questions which the plaintiff may refuse to answer, especially those possibly prohibited by the Fifth Amendment protection against self-incrimination.[3] An attorney insures that the procedure, tests and results are reported accurately, and that the examination does not become the taking of deposition as to the facts in issue. Any unnecessary interference caused by an attorney could be alleviated by specific court order. *State ex rel. Staton v. Common Pleas Court*, 4 Ohio App. 2d 10, 211 N.E.2d 63 (1964), *rev'd on other grounds*, 5 Ohio St. 2d 17, 213 N.E.2d 164 (1965) (plaintiff entitled to his attorney's presence at psychiatric examination requested by defendant); *Nomina v. Eggeman*, 188 N.E.2d 440 (Ohio C.P. Putnam County 1962) (same); *See* 1 M. Belli, *Modern Trials* § 85, at 567 (1954).

 Tietjen also contends that it was error to order a CR 35 examination after he rested his case. Generally, in Washington as well as in a majority of other jurisdictions,

---

[3]The need of protection against self-incrimination was made apparent in the notice of rule 35 served upon claimant's attorneys. The specific provision stated: "Dr. Arthur W. Freidinger has agreed to examine Mr. Tietjen on Wednesday, February 10, 1971, at his office at 1323 Spring Street, Seattle, Washington. The purpose of this examination is for a psychiatric evaluation and *will inquire into all aspects of Mr. Tietjen's life*. Mr. Tietjen is to make his presence known shortly before or at 11 A.M." (Italics ours.)

it is not an abuse of discretion for the trial judge to refuse to order a physical examination of the plaintiff after trial has begun. *Finn v. Bremerton*, 118 Wash. 381, 203 P. 971 (1922); *Myrberg v. Baltimore & Seattle Mining & Reduction Co.*, 25 Wash. 364, 65 P. 539 (1901); 9 A.L.R.2d 1146, 1150 (1966). There is no reason for a different rule for a psychiatric examination. The question before us is whether it was an abuse of discretion *to order* an examination after the claimant rested his case. The propriety of ordering a CR 35 examination just before or during trial depends upon the effect of a resultant delay in the proceedings and whether the defendant has shown good cause for requesting the examination at that time.

While in workmen's compensation cases, testimony is often presented over a several month period, an unusually long delay occurred before the department determined that an additional psychiatrist's examination was required. Most importantly, the department showed no good cause for the delay. Its lack of diligence is apparent. The May 28, 1970, notice of appeal put the department on notice that claimant's psychiatric condition was put into issue. Two months before Tietjen began his case and 5 months before it requested the CR 35 examination, the department was cognizant of potential problems in obtaining the testimony of Dr. Fisk. At the August 27, 1970, conference, after making the request for the examination, the attorney for the department stated, "I would like to keep this request in suspense for the next week and we will check on whether we are going to need it." In an affidavit attached to the motion for the CR 35 examination, the attorney for the department stated that when he attempted to schedule Dr. Fisk's testimony, he discovered that the doctor had moved to South Dakota. Attempts to contact him were unsuccessful for 3 weeks, and when finally reached, Dr. Fisk replied that he did not have his record of the examination of the claimant and that he would not agree to testify. It is noteworthy that this affidavit supplies no dates for these contacts. If in fact, they were made soon after the notice of appeal, the exami-

nation was requested only after substantial delay. If, on the other hand, they were made just subsequent to the filing of the motion, a substantial delay was had before the department made any effort to contact its witness. Moreover, no effort was made to obtain the deposition of Dr. Fisk or to subpoena him. That Dr. Fisk would not agree to testify is substantially different than saying that he would not testify if ordered to do so. In light of these circumstances there was a clear lack of diligence and it was an abuse of discretion to order the CR 35 examination after the claimant had rested his case.

■ We turn finally to the question whether striking Tietjen's psychiatric testimony was a proper sanction. CR 37(b)[4] provides for a variety of sanctions for failure to

---

[4]CR 37(b) provides:

"(1) *Sanctions by Court in District Where Deposition is Taken.* If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the county in which the deposition is being taken, the failure may be considered a contempt of that court.

"(2) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

"(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination;

"(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless

make discovery, including failure to participate in a CR 35 examination. CR 37 is designed to allow trial courts to use as many and varied sanctions as justice requires and to balance the rights of the parties so that the refusing party does not benefit. *Mitchell v. Watson*, 58 Wn.2d 206, 361 P.2d 744 (1961). However, without deciding whether the striking of a plaintiff's testimony is allowed under CR 37, we find that the striking of claimant's psychiatric testimony was too harsh a sanction in this case. The hearing examiner ordered and the board and trial court approved the most drastic sanction available under the most aggravated circumstances. Using the most drastic sanction available was a clear violation of the cardinal principle that the remedial and beneficial purposes of the workmen's compensation act should be liberally construed in favor of the injured workman. *See Shea v. Department of Labor & Indus.*, 12 Wn. App. 410, 529 P.2d 1131 (1974), and cases cited therein.

The order directing the claimant to be examined by Dr. Fisk was silent on whether a third person would be allowed to be present at the psychiatric examination. Since Tietjen desired a third person to be present and it was his right to be represented by counsel, the board should have ordered that an examination be conducted under proper conditions. Such an order should have prohibited the wife's presence but permitted claimant's attorney to attend.

Since the department has not shown good cause for the examination, it is not entitled to one and claimant's complete psychiatric testimony must be reinstated. The testimony establishes a prima facie case for a psychiatric disability and the cause must be remanded to the superior court for trial.

---

the party failing to comply shows that he is unable to produce such person for examination.

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Reversed and remanded for proceedings consistent with this opinion.

PETRIE, J., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied May 20, 1975.