John L. WOOD, Petitioner,

v.

CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Respondent.

No. C1-84-534.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Richard A. Walkovets, Rerat Law Firm, Minneapolis, for petitioner.

Roger R. Roe, Jr., Rider, Bennet, Egan & Arundel, John C. Goetz, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, amicus curiae for Trial Lawyers Ass'n.

Wayne P. Dordell, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, amicus curiae for Defense Lawyers Ass'n.

Considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ., with no oral argument.

## OPINION

PARKER, Judge.

John L. Wood petitions for a Writ of Prohibition to prevent the enforcement of a district court order requiring him to submit to an adverse medical examination unaccompanied by his attorney. Wood contends that the court abused its discretion because he has the same right to representation by counsel at the examination as in a deposition or in answering interrogatories.

This court stayed application of the order, set a briefing schedule and invited amicus briefs from representative legal organizations; the Minnesota Trial Lawyers Association (MTLA) and the Minnesota Defense Lawyers Association responded. Writ denied.

### FACTS

In October 1982 petitioner commenced an action against respondent for personal injuries sustained during the course of his employment. Respondent's attorneys scheduled an adverse medical examination in October 1983, at which petitioner appeared accompanied by his attorney. The physician refused to perform the examination in the attorney's presence.

Respondent then moved in special term for an order compelling an adverse examination of petitioner, unaccompanied by his attorney. The special term judge granted this motion and assessed petitioner $300 in physician's fees for the incomplete examination and $250 in attorney's fees. This petition followed.

### ISSUE

Is it an abuse of discretion for the court to order petitioner to submit to an adverse medical examination unaccompanied by his attorney?

### DISCUSSION

This case brings before the court a long-smoldering issue between the plaintiff and defense bars of this state. Candor forces us to acknowledge that, in practice, defense counsel greatly favor certain physicians for adverse examinations. Plaintiffs have similarly identified their favorites. Thus, the adversary process seems to cast physicians in the role of advocates, a result neither intended by Rule 35, Minn.R.Civ.P., nor desired by those concerned with the ethics of the medical profession. Essentially, the petitioner suggests that we recognize this practice and cope with its partisan nature by routinely allowing the plaintiff's attorney to be present during adverse examinations.

We note at the outset that Minn.R.Civ.P. 35.01 does not vest defense counsel with an absolute right to dictate the physician before whom the plaintiff is to appear. The rule does not even grant the defense an adverse examination as a matter of right. *See Ossenfort v. Associated Milk Producers, Inc.*, 254 N.W.2d 672 (Minn.1977).

Instead the rule is couched in terms of the court's *discretion* to order an adverse examination:

In an action in which the mental or physical condition * * * of a party * * * is in

controversy, *the court \* \* \* may order* the party to submit to \* \* \* a mental or physical or blood examination by *a* physician. The order may be made only on motion *for good cause* shown and upon notice to the party \* \* \* to be examined \* \* \* and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is made.

Rule 35.01, Minn.R.Civ.P. (emphasis added).

We think *exercise* of the sound discretion of the trial court provides the most appropriate safeguard against the abuses described in petitioner's brief and supported in the brief of amicus MTLA. For each abuse cited, alert counsel may seek an existing remedy. Depending on the nature of the injury and the type of examination proposed, the court might refuse to order some examinations altogether, or determine that the particular specialty of the proposed examining physician is not appropriate. The court may determine that the physician selected by the moving party should not perform the examination. Any substantial reason, other than mere preference or personal differences, should justify a change in physicians. *See* 2 J. Hetland & O. Adamson, *Minnesota Practice* 71 (1970).

In exceptional cases a court may feel compelled to attach conditions to an order for examination, such as allowing plaintiff the right to tape record the examination, to have a court reporter or his own physician present. The manner and scope of the examination may also be specified in the order.

As the authors' comments in Hetland and Adamson conclude on this topic:

The conditions under which the examination will take place can be very important. The party who is being examined, while generally not having the right to have his own attorney present during the examination, may properly ask that his own doctor be present to insure that the examination follows the specified procedures or specified conditions.

*See Warrick v. Brode,* 46 F.R.D. 427 (D.Del.1969).

Furthermore, plaintiff's attorney has the right to receive a detailed report from the physician and may also be able to depose the physician if the report is insufficient. Other safeguards include the opportunity to cross-examine the physician at trial and to introduce contrary expert evidence.

■ The physician additionally has a duty imposed by the Minnesota Code of Interprofessional Relations:

The examining physician, acting for a party adverse to the person he is examining, should, where taking a medical history, attempt to elicit only such facts as are pertinent to his examination; he should not attempt to obtain statements which might constitute admissions with reference to any accident out of which the litigation arises.

Minnesota State Bar Association & Minnesota State Medical Association, *Code for Interprofessional Relations* § 1B (1980). If a physician questions a litigant about circumstances of an accident beyond those necessary for a sensible medical history, the resulting testimony or report may properly be the subject of a motion *in limine.*

■ The discovery rules are designed to be tools for the elicitation of truth. To require routinely that attorneys be present during adverse medical examinations is to thrust the adversary process itself into the physician's examining room. The most competent and honorable physicians in the community would predictably be the most sensitive to such adversarial intrusions. The more partisan physicians might feel challenged to outwit the attorney. Thus, we fear that petitioner's suggested remedy would only institutionalize the abuse, convert adverse medical examiners into advocates, and shift the forum of controversy from the courtroom to the physician's examination room. We leave the decision to allow an attorney's presence during adverse examination to the sound discretion of the trial court. We also note that the

*Code for Interprofessional Relations,* § 1B (1980), speaks to this suggestion:

It is not desirable for a lawyer to be present when his client is being examined by an examining physician whether the physician is employed on behalf of his client or on behalf of an adverse party, but there is no reason why the lawyer should not discuss with the physician either before or after the examination, any aspect of the examination that may be pertinent.

■ Thus, we conclude that the court did not abuse its discretion in ordering petitioner to submit to an adverse medical examination unaccompanied by his attorney.

■ The special term court's order of February 28, 1984, awarding physician's and attorney's fees to respondent, however, was incorrect. If a party voluntarily agrees to submit to an adverse medical examination and then fails to appear, the sanctions of Rule 37.02 are not available because there is no court order requiring him to submit to this examination. The party seeking the examination must then seek a court order under Rule 35. Failure to obey that order may subject the disobedient party to sanctions. *See* 2 J. Hetland & O. Adamson at 73. Since the examination in question was voluntary and not pursuant to court order, the sanctions imposed were not justified.

Finally, respondent moved to strike petitioner's reply brief because it was not specifically authorized by order of this court. Appellants customarily have the right to submit reply briefs, and we have considered the arguments therein except for material not presented to the trial court. Material outside the record has been stricken.

## DECISION

The petition for Writ of Prohibition is denied. The district court award of $300 and $250 for attorney's fees is vacated.

Writ denied, order modified.