**Nicole A. HAYES, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable H. Jeffrey Bayless, Respondents.**

**No. 92SA267.**

Supreme Court of Colorado,
En Banc.

June 21, 1993.

Don & Hiller, P.C., Shelley B. Don, David L. Hiller, Watson W. Galleher, Denver, for petitioner.

Montgomery, Little, Young, Campbell & McGrew, P.C., Richard L. Murray, Jr., Craig A. Adams, Englewood, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

In this original proceeding [1] the petitioner, Nicole A. Hayes, seeks an order directing the respondent, the District Court in and for the City and County of Denver, to enter an order allowing the petitioner to be accompanied by her attorney or a paralegal to a court-ordered medical examination and to tape record the examination. Having issued a rule to show cause why the requested relief should not be granted, we now discharge the rule.

1. Our jurisdiction is invoked pursuant to C.A.R. 21.

I

This case arises out of an automobile accident involving the petitioner and the defendants, ABC Print & Frame, Ltd., and its employee, Russell T. Donelson (hereinafter collectively referred to as ABC). The petitioner filed a civil action against ABC for personal injuries she allegedly sustained in June 1990, as a result of an automobile accident. The petitioner alleges, *inter alia*, that as a result of ABC's negligence she suffered serious injuries, including headaches, neck and low back pain, and a closed head injury that affects both her short term and long term memory.

On May 22, 1992, ABC filed a motion pursuant to C.R.C.P. 35(a) requesting the trial court to order the petitioner to submit to a physical examination by a designated orthopedic surgeon, Dr. Barry Lindenbaum.[2] The petitioner agreed to undergo an independent medical examination but objected to the designation of Lindenbaum as the examiner on the grounds that he was biased against plaintiffs in personal injury litigation and that her counsel and Lindenbaum had previously been involved in litigation over fees regarding treatment rendered by Lindenbaum to the petitioner's counsel. The petitioner asserted that under these circumstances Lindenbaum would inject bias and prejudice into his examination and that such issue could not be addressed adequately at trial by cross-examination. The petitioner requested the trial court to enter an order requiring the examination to be conducted by another orthopedic surgeon mutually satisfactory to counsel for all parties.

On June 4, 1992, the trial court issued an order granting ABC's motion and requiring the petitioner to submit to a medical examination by Lindenbaum on June 5, 1992. The trial court noted the petitioner's objections but concluded that Lindenbaum would be able to separate his prior litigation experience with the petitioner's counsel from the petitioner and render a professional, objective evaluation of the petitioner's medical condition.

Upon learning of the trial court's order, the petitioner's counsel directed his paralegal to accompany the petitioner to the medical examination and to tape-record the examination. When the petitioner's attorney informed ABC's attorney of this decision, the latter attorney communicated this information by telephone to Lindenbaum's office and was informed by Lindenbaum's office manager that Lindenbaum does not conduct independent medical examinations under such circumstances. The office manager explained that Lindenbaum felt such procedure would hinder his ability to establish rapport with the examinee, would intimidate him personally, and would inhibit the examinee from communicating candidly during the examination.

On June 5, 1992, the trial court conducted a hearing to review the status of his discovery order.[3] During the hearing the petitioner advanced the argument that she should not be examined by Lindenbaum in the absence of a third party and a tape recorder because an independent medical examination conducted pursuant to C.R.C.P. 35(a) is in reality a litigation matter and because at trial a jury would more likely believe the testimony of a defense-

2. C.R.C.P. 35(a) provides as follows:

(a) **Order for Examination.** When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and

scope of the examination and the person or persons by whom it is to be made.
C.R.C.P. 35(a), 7A C.R.S. (1990).

3. The hearing was convened after one of the attorneys informed a member of the trial court's staff that difficulties had arisen with respect to the petitioner's physical examination. During the hearing the trial court observed that the petitioner was in effect seeking a protective order. Although the record contains no written motion for protective orders, the parties have acquiesced in that assumption. Accordingly, the petitioner assumed the burden of establishing grounds for the issuance of such an order.

oriented board-certified physician rather than the testimony of a young woman with a high school education. The petitioner again emphasized her concern about Lindenbaum's alleged potential for bias, and cited *Timpte v. District Court*, 161 Colo. 309, 421 P.2d 728 (1966), for the rule that a trial court may allow a party's attorney to attend a client's medical examination.

At the conclusion of the hearing, the trial court ordered the petitioner to submit to the medical examination by Lindenbaum and denied what it deemed to be the petitioner's request for protective orders. The trial court found that, contrary to the petitioner's assertions, Lindenbaum was not biased against her or her attorney and that he could conduct an impartial medical examination. Noting that the petitioner had been examined by a physician selected by her, which examination had not been tape recorded or witnessed by a representative of ABC, the trial court concluded that in fairness to both parties and in the absence of a showing of bias or prejudice on Lindenbaum's part, the petitioner was not entitled to the presence of her attorney or a paralegal or a tape recorder at the scheduled medical examination. The trial court stayed its order for seven days to permit the plaintiff to request relief from this court pursuant to C.A.R. 21.

The petitioner subsequently filed a motion for reconsideration of the trial court's order, together with a supporting affidavit which raised new grounds for the granting of protective orders. In her affidavit the petitioner averred that because the injuries suffered in the underlying accident affected her memory she would be unable to recollect any questions asked by the doctor and her answers thereto. She also averred that she was afraid to submit to an examination by an unfamiliar doctor selected by ABC knowing that he might testify against her at trial. The petitioner argued that a tape recording of the examination would enable her to effectively respond at trial to any possible mischaracterizations of her answers by Lindenbaum and that the presence of a third party would mitigate an otherwise intimidating atmosphere. When the trial court denied her motion for reconsideration, the petitioner brought this original proceeding.

## II

An original proceeding pursuant to C.A.R. 21 is not a substitute for an appeal and is limited to an inquiry into whether the trial court exceeded its jurisdiction or abused its discretion. *Halliburton v. County Court*, 672 P.2d 1006, 1009 (Colo.1983). Matters pertaining to pretrial discovery are committed to trial court discretion, and review of discovery orders is normally limited to appeal. *Harris v. District Court*, 843 P.2d 1316, 1318 (Colo.1993) (citing *Kerwin v. District Court*, 649 P.2d 1086, 1088 (Colo.1982)). However, we find the exercise of original jurisdiction warranted in the circumstances here presented.

The trial court determined that the petitioner does not have a right to designate an attorney or some other third party to accompany her during a medical examination ordered pursuant to C.R.C.P. 35(a) or to tape-record such examination. The trial court also determined that in the circumstances of this case the petitioner's request for protective orders imposing such conditions on her examination by Lindenbaum was not warranted. We conclude that the trial court did not abuse its discretion in reaching those determinations.

[5] In *Timpte v. District Court*, 161 Colo. 309, 421 P.2d 728 (1966), we held that C.R.C.P. 35(a) grants a defendant the right to designate a physician in the absence of a showing of bias or prejudice on the part of that physician and in the absence of an agreement by the parties as to the identity of the physician. We also made the following observations:

> [The right is] subject to protective orders by the trial court such as, among others; those limiting the number of doctors who may examine; those providing who may be present at the examinations, including plaintiffs' attorneys if the court deems it wise; and those setting the time, types, place, scope and conduct of the examination. Moreover, the court may, upon a

finding, sustained by a showing, of bias and prejudice, reject a particular physician and order the defendant to submit the names of other physicians.

It is suggested that certain doctors testify only for the defense in matters of personal injury, and that that in itself suggests bias and prejudice and demands disqualification of such a doctor to make examinations and testify. We do not agree. Such matters are relevant only as to weight and credibility, and cross-examination upon this subject affords full protection to the plaintiff's rights.

*Id.*, 161 Colo. at 311–12, 421 P.2d at 729. Although these comments are merely dicta, they support the view that in this jurisdiction most issues concerning the conditions under which medical examinations of parties to personal injury actions are to be conducted shall be determined by the trial court in the exercise of its discretion.

■ C.R.C.P. 35(a) grants a trial court authority to issue an order requiring a party to submit to a physical or mental examination upon a showing of good cause. C.R.C.P. 35(a) also provides that such order shall specify the conditions of the examination. In specifying the conditions of a physical examination the trial court may authorize an attorney or some other third party to observe the examination and may permit the examinee to tape record the examination.

This court has not previously considered whether an examinee has a right to have a third party present at or to tape-record a medical examination ordered pursuant to C.R.C.P. 35(a). Other courts have addressed this issue under rules with identical or substantially similar language, with diverse results. *See* Thomas M. Fleming, Annotation, *Right of Party to Have Attorney or Physician Present During Physical or Mental Examination at Instance of Opposing Party*, 84 A.L.R.4th 558 (1991).

Federal courts have construed Fed. R.Civ.P. 35 to prohibit the attendance of attorneys at medical or psychiatric examinations of their clients. *McDaniel v. Toledo, Peoria & Western R. Co.*, 97 F.R.D. 525, 526 (C.D.Ill.1983); *Neumerski v. Califano*, 513 F.Supp. 1011, 1016–17 (E.D.Pa. 1981); *Warrick v. Brode*, 46 F.R.D. 427, 428 (D.Del.1969); *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595, 597–98 (D.Md.1960).[4] These courts reason that the presence of an attorney would tend to inject an inappropriate element of adversary confrontation into what should be an objective and neutral process of medical evaluation. *Warrick*, 46 F.R.D. at 428. They also emphasize the desirability of avoiding professional conduct issues surrounding the attending attorney's potential testimony at trial, *McDaniel*, 97 F.R.D. at 526, and the availability of protective orders and the right of cross-examination at trial as remedies for physician abuse of the medical examination process. *Dziwanoski*, 26 F.R.D. at 598.

Some state courts have concluded that a party required to undergo a physical examination pursuant to a C.R.C.P. 35(a) counterpart has a right to require the attendance of an attorney at the examination. *Langfeldt–Haaland v. Saupe Enters.*, 768 P.2d 1144, 1147 (Alaska 1989) (also concluding that an examinee has the right to tape record such examination); *Bartell v. McCarrick*, 498 So.2d 1378, 1379 (Fla.App. 1986); *Reardon v. Port Auth.*, 132 Misc.2d 212, 503 N.Y.S.2d 233, 234–35 (N.Y.Sup.Ct. 1986). *Cf. Sharff v. Superior Court*, 44 Cal.2d 508, 282 P.2d 896, 897 (1955); *Tietjen v. Department of Labor & Indus.*, 13 Wash.App. 86, 534 P.2d 151, 153–54 (1975). *But see Vinson v. Superior Court*, 43 Cal.3d 833, 740 P.2d 404, 413 (Cal.1987) (examinee has no right to require the presence of an attorney during a psychiatric examination pursuant to California counterpart to C.R.C.P. 35). These courts emphasize that discovery rules such as

---

**4.** However, some federal courts have held that in sexual harassment cases involving claims of emotional distress, plaintiffs may be entitled to the presence of third parties and/or recording devices at psychiatric examinations conducted by physicians selected by defendants. *Zabkow-*

*icz v. West Bend Co.*, 585 F.Supp. 635 (E.D.Wis. 1984); *Lowe v. Philadelphia Newspapers*, 101 F.R.D. 296 (E.D.Pa.1983). C.R.C.P. 35 was modeled after Rule 35 of the Federal Rules of Civil Procedure. *Palmer Park Gardens, Inc. v. Potter*, 162 Colo. 178, 186, 425 P.2d 268, 273 (1967).

C.R.C.P. 35 are in fact part of the adversary process and that courts may issue appropriate protective orders or sanctions if attorneys attending their clients' medical examinations overstep their appropriate roles. *Langfeldt–Haaland,* 768 P.2d at 1147. They also reason that attorneys by their presence can ensure that the medical examination is not transformed into a discovery deposition. *Sharff,* 282 P.2d at 897.

A large number of courts have adopted a middle ground, concluding that the question of whether a plaintiff in a personal injury action may bring a third party or a tape recorder to a medical examination conducted pursuant to a C.R.C.P. 35(a) counterpart is committed to the discretion of the trial court. *Robin v. Associated Indem. Co.,* 297 So.2d 427, 430 (La.1973); *Wood v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.,* 353 N.W.2d 195, 197 (Minn.App.1984); *Lambdin v. Brenton,* 21 Ohio St.2d 21, 254 N.E.2d 681, 682 (1970); *Pemberton v. Bennett,* 234 Or. 285, 381 P.2d 705, 706 (1963); *Whanger v. American Family Mut. Ins. Co.,* 58 Wis.2d 461, 207 N.W.2d 74, 79 (1973). These courts recognize the fact that when a party moves for a court-ordered examination of an adverse party, the examination itself will often not be a neutral, impartial encounter. *Wood,* 353 N.W.2d at 196. They also recognize that in some circumstances the presence of a third party such as an attorney could impede a full and thorough medical examination. *Whanger,* 207 N.W.2d at 79 (an attorney's questions might interrupt the medical examination). *See Ebel v. Superior Court,* 39 Cal.App.3d 934, 114 Cal.Rptr. 722 (1974) (examinee has no absolute right to tape-record medical examination but trial court may permit use of mechanical device to record examination to safeguard the rights of the parties).

■ Those decisions concluding that questions concerning the conditions under which a medical examination conducted pursuant to C.R.C.P. 35(a) are to be performed are committed to the trial court's discretion absent agreement by the parties are in our view most persuasive. Such rule is consistent with our decision in *Timpte v. District Court,* 161 Colo. 309, 421 P.2d 728 (1966). The circumstances surrounding requests for the presence of third parties or mechanical devices at such examinations are myriad. For example, the age or medical or psychological condition of an examinee might indicate that the presence of a third party or a tape recorder would not only lend emotional support to the examinee and protect the examinee from improper questions but would facilitate rather than hinder the examination. *See Vinson v. Superior Court,* 43 Cal.3d 833, 239 Cal. Rptr. 292, 301, 740 P.2d 404, 413 (1987); *Ponce v. Health Ins. Plan of Greater New York,* 100 A.D.2d 963, 475 N.Y.S.2d 102 (1984). Similarly, tape recorders can be disruptive, particularly when operated by inexperienced persons, and because tapes can be edited or doctored, a trial court can prescribe appropriate conditions to ensure the integrity of any tape recording of a physical examination. *See Vinson,* 43 Cal.3d 833, 239 Cal.Rptr. at 301, 740 P.2d at 413 (1987); *Ebel v. Superior Court,* 114 Cal.Rptr. 722. *See also Zabkowicz v. West Bend Co.,* 585 F.Supp. 635, 636 (E.D.Wis. 1984); *Koch v. Galardi,* 11 Pa.D. & C.3d 750, 753 (1979). Resolution of the often competing interests of parties and examining physicians in particular circumstances of particular cases should be made by the trial court. The party seeking protective orders shoulders the burden of establishing the need for such relief. *Whanger,* 207 N.W.2d 74, 79.

■ Having concluded that the questions concerning the conduct of physical examinations conducted pursuant to C.R.C.P. 35(a), including the presence of third parties and tape recorders during such examinations, are to be resolved by the trial court in the exercise of its discretion, we turn to the facts and circumstances of this case to determine whether the trial court abused its discretion in denying the petitioner's request. In her initial motion for protective orders, the petitioner asserted only that Lindenbaum was so biased

against her attorney and against personal injury plaintiffs in general that the examination should be conducted by a different physician. On June 4, 1992, the trial court rejected those arguments. The petitioner did not challenge the trial court's June 4, 1992, order by motion for reconsideration or by requesting this court's intervention. Instead, the petitioner unilaterally determined that she was entitled, without benefit of court order, to the presence of a paralegal and a tape recorder at the physical examination. At the hearing on June 5, 1992, the petitioner again argued that Lindenbaum was biased and also asserted that she had an independent right to bring a third party and a tape recorder to any physical examination by a physician selected by ABC. Not until after the trial court denied her request for protective orders did the petitioner, in a motion for reconsideration, suggest that because of her memory loss she would be unable to remember questions and answers arising during the course of the physical examination.

We conclude that in view of the procedural history and all other circumstances of the case the trial court did not abuse its discretion in denying the petitioner's request to be accompanied by a third person and a tape recorder at the physical examination to be performed by Lindenbaum.

### III

For the foregoing reasons, we discharge the order to show cause previously issued herein.