Michael A. GALIETI, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and E.A. Moskalski, Defendants.

No. 92–B–2467.

United States District Court,
D. Colorado.

March 7, 1994.

Cecil R. Hedger and Sherri A. Heckel, Harding & Ogborn, Denver, CO, for defendants.

James G. Benjamin, Lea Ann T. Groesser, Englewood, CO, and James C. Bull, Bucholtz, Bull & Ewing, P.C., Denver, CO, for plaintiff.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on Defendants' motion for order requiring Plaintiff to submit to an unsupervised psychiatric examination. The Court has reviewed that motion, Plaintiff's response, and Defendants' reply. Further argument will be waived.

### I.

Plaintiff formerly worked in a high-level position for Defendant State Farm Mutual Automobile Insurance Company (State Farm). He was terminated from this position in 1991. Plaintiff alleges that this termination was improper, as Defendant Moskalski, his former supervisor, knew that allegations of sexual harassment were false. Plaintiff was making in excess of $150,000 per year at the time of his termination, and work that he subsequently has found pays substantially less.

Defendants deny the allegations in Plaintiff's complaint. It is their position that Plaintiff did sexually harass women who worked with him and that his termination was appropriate.

Defendants have presented to this Court their motion for an examination under Fed. R.Civ.P. 35. Defendants desire to have Plaintiff evaluated by Dr. Henry Frey, M.D. and Dr. Lawrence Frakes, Ph.D. Defendants have requested the evaluation, as Plaintiff alleges that he has suffered severe emotional distress. It is proposed by Defendants that the evaluation be conducted with two, 2–hour sessions with the named psychiatrist and psychologist. Defendants have spe-

cifically provided that no psychological testing would be done.

Plaintiff has objected to the evaluation, arguing two points. First, he argues that Defendant State Farm sent him to a mental health expert in January, 1992. It is the position of Plaintiff that Defendant State Farm has sufficient information from its previously used experts and that additional information is not needed.

Second, Plaintiff argues that this evaluation is nothing more than a quasi-deposition. Plaintiff wants, at the very least, his therapist present during the course of the evaluation. Plaintiff does not trust Defendants and, therefore, wishes an observer present during the interviews.

The parties and their counsel have discussed various options and have not been able to resolve their differences. The motion has thus been placed before the Court for resolution.

## II.

■ Fed.R.Civ.P. 35(a) reads as follows:

Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody of legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Arguably, Defendants' motion does not fully comply with the provisions of the Rule. There is no time or date set forth for the examination, and the substance of reasons for the motion are contained only in the reply of Plaintiffs.

Trial is set for May 31, 1994. To now require Defendants to refile this motion would be a waste of time. Defendants have detailed why an updated mental health evaluation is appropriate. The previous mental health professionals have not seen Plaintiff for some period of time. Plaintiff's present emotional condition is at issue.

A further evaluation by a mental health professional is appropriate. The Court is satisfied that the basic requirements of Fed. R.Civ.P. 35(a) have been met. To require Defendants to refile the motion would impede completion of discovery in this case.

## III.

The question of whether a party can have an observer present during an examination is unsettled in courts throughout the country. Both sides have cited *Hayes v. City and County of Denver*, 854 P.2d 1240 (Colo.1993). Although this case provides some insight into the issue, it is not binding upon this Court. Further, this decision only provides one point of view on the issue.

The split in case law in the United States has lead basically to three general approaches to this issue. First, some courts have held that there is an absolute right to have an observer present during an examination, as a Rule 35 examination (or comparable procedure) is merely a continuation of the adversary process. The most recent decision arriving at this conclusion is *Langfeldt–Haaland v. Saupe Enterprises, Inc.*, 768 P.2d 1144 (Alaska 1989); *see also Bartell v. McCarrick*, 498 So.2d 1378 (Fla.App.1986); *Tietjen v. Dept. of Labor & Indus.*, 13 Wash. App. 86, 534 P.2d 151 (1975); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205 (5th Cir.1990) (a party cannot be compelled to undergo evaluation by vocational rehabilitation expert outside of presence of counsel).

A second line of cases holds that there is no presumptive right to have an observer present at an examination. *See McDaniel v. Toledo, Peoria & Western R.R. Co.*, 97 F.R.D. 525 (C.D.Ill.1983); *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D.Md. 1960); *Wheat v. Biesecker*, 125 F.R.D. 479 (N.D.Ind.1989). A third line of cases basically grants discretion to a trial court to examine each case and make an appropriate decision. *See Robin v. Associated Indem. Co.*,

297 So.2d 427 (La.1973); *Wood. v. Chicago, Milwaukee, St. Paul & Pac. Ry Co.,* 353 N.W.2d 195 (Minn.App.1984); *Whanger v. American Family Mut. Ins. Co.,* 58 Wis.2d 461, 207 N.W.2d 74 (1973).

Four recent decisions warrant closer examination. In *Hayes v. District Court, supra,* the Colorado Supreme Court examined the issue of whether a district court had abused its discretion in denying a request by a plaintiff to have her attorney present during a physical examination. Plaintiff in that case had filed an affidavit claiming that the designated physician only did evaluations for defense counsel, was biased against plaintiffs, and had been involved in litigation over fees with plaintiff's counsel. The trial court had refused to issue an order directing the attendance of plaintiff's counsel at the examination. The Colorado Supreme Court found no abuse of discretion based upon the facts as presented to the trial court. *Hayes v. District Court,* 854 P.2d at 1245–46.

The Indiana Court of Appeals was presented with a similar issue of first impression in *Jacob v. Chaplin,* 625 N.E.2d 486 (Ind.App. 1993). In that case, plaintiffs were suing for damages suffered as a result of an automobile accident. Defendants made a request for an examination by an independent orthopedic surgeon. Plaintiffs then filed a motion for protective order, asking for an order to allow tape recording any conversations with the examining physician. The trial court granted the motion. The Indiana Court of Appeals adopted the rule that provides discretion to trial courts to examine each case on its own facts. The court held that:

> The infrequent cases of potential abuse of such an examination are better handled through the use of special protective orders granted by the trial court on a case by case basis. A presumptive rule allowing counsel, third parties and/or recording devices into medical exams interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry. The question of what, if any, conditions should be placed on a T.R. 35 examination is best left to the sound discretion of the trial court. However, we agree with those courts, such as the federal and state

courts of Wisconsin, that have found that the party seeking a protective order bears the burden of establishing the need for such relief.

*Id.* at 492. The court remanded the case to the trial court, finding that the trial court had presumed that a tape recorder should be present and specified no other reasons in the record.

In *Di Bari v. Incaica Cia Armadora, S.A.,* 126 F.R.D. 12 (E.D.N.Y.1989), the plaintiff refused to continue a psychiatric examination unless his counsel and a court reporter were present. The court found that no reason existed for allowing the attorney to be present, but that a court reporter was appropriate.

> The undersigned agrees with plaintiff's counsel that a psychiatric examination by defendant's doctor is in reality adversarial in nature. In addition, it is the undersigned's recollection that Mr. DiBari is a middle-aged man who is not well educated, and more importantly, has difficulty with the English language. Because of this, his ability to communicate to his counsel what occurred during this psychiatric examination may be seriously impaired, thus preventing plaintiff's counsel from adequately preparing a cross-examination of the psychiatrist at trial. As such, the plaintiff will be allowed to have a court report present during the examination.

*Id.* at 13. The court further ordered that a transcript be prepared promptly after completion of the examination.

In *Tomlin v. Holecek,* 150 F.R.D. 628 (D.Minn.1993), the court was presented with a motion to compel an examination under Fed.R.Civ.P. 35. Defendants wanted to have plaintiff see a psychologist of their choice. Plaintiff objected, indicating that he wanted someone present from his counsel's office. The court detailed the split of authority that exists in the country. It refused to allow the presence of counsel, a third party, or tape recorder. The court held that any third party or tape recording would: (1) potentially invalidate the examination results; (2) fail to provide a "level playing field", as plaintiff was not required to tape record his examinations with his own health care providers; and

(3) inject a greater degree of the adversary process into an evaluation that is to be neutral.

This Court has reviewed many more cases than have been cited by the parties, as they have chosen only to cite the *Hayes* decision. The Court agrees with the decisions in *Hayes* and *Jacob* that each case must be reviewed on its own facts. There should be no presumption either way. In appropriate cases, it may be necessary to issue an appropriate protective order. The Court further agrees with the rationale in *Jacob* that the party seeking the presence of a third party or recording device must carry the burden of convincing the court.

### IV.

█ In this case, Defendants have attached to the motion to compel an affidavit from Dr. Frey indicating why he cannot conduct an examination with a third party present. He indicates that it will prevent Plaintiff from focusing on the examination itself.

Plaintiff does not offer counter evidence to the affidavit of Dr. Frey. Plaintiff discusses in his response to the motion that the exam has been scheduled too late in the case and that the experts proposed by Defendants would not be impartial.

The Court has reviewed carefully all matters presented. Plaintiff has presented nothing that indicates that Drs. Frey and Frakes will be less than impartial, other than that they have been hired by Defendants. In *Hayes*, plaintiff presented a detailed affidavit of why there was concern with the designated physician. No similar documentation has been provided in this case. Defendants have a right to designate their experts and a right to have an examination of Plaintiff, based upon what has been presented to the Court.

IT IS HEREBY ORDERED that Defendants' motion to compel Plaintiff to submit to an unsupervised or unrecorded psychiatric examination is granted; and

IT IS FURTHER ORDERED that the discovery cutoff is extended to April 4, 1994 to allow the completion of the examination of Plaintiff by Drs. Frey and Frakes; and

IT IS FURTHER ORDERED that a copy of a report or detailed statement of anticipated testimony of Drs. Frey and Frakes shall be provided to counsel for Plaintiff on or before April 15, 1994, and Plaintiff is granted permission to depose Drs. Frey and Frakes on or before May 2, 1994; and

IT IS FURTHER ORDERED that each side is to pay its own attorneys fees and costs as to this motion.