David John LITTLE, a minor child, by Robin NASH, his mother and natural guardian, and Robin Nash, individually, Respondents,

v.

Joan MIKLYA, Petitioner, Appellant.

No. C0-86-1212.

Supreme Court of Minnesota.

April 3, 1987.

Mark C. Vandelist, Bloomington, for appellant.

Gerald R. Keating, Minneapolis, for respondents.

SCOTT, Justice.

David Little (Little), a plaintiff in an automobile personal injury action, sought a writ of prohibition in the Minnesota Court of Appeals to prevent the trial court from imposing a Rule 37 sanction for violation of a voluntary discovery agreement. The court of appeals agreed to vacate that portion of the order. We granted the petition for further review of the defendant, Joan Miklya (Miklya).

On May 1, 1986, Miklya's attorney directed a letter to Little's attorney indicating that an independent medical examination had been scheduled for Little. The letter stated in part:

In lieu of obtaining a formal order to allow defendant an independent medical examination, I am enclosing a Stipulation of counsel for your signature. Please sign the Stipulation and return it to me so that I may be assured of your client's presence at the independent medical examination scheduled for May 28, 1986.

Little's counsel signed the stipulation and returned it with a letter requesting a copy of the examiner's report.

On the day of the scheduled examination, Little failed to appear and the examiner, Dr. Steven Morgan, a licensed consulting psychologist, charged Miklya's counsel for the missed appointment for which he had reserved four hours of his time. Miklya's counsel then requested Dr. Morgan's fee from Little's counsel. Little's counsel refused to pay, and Miklya's counsel brought a motion on June 18, 1986, to require Little to pay Dr. Morgan's fee and to compel Little to appear at an independent medical examination. Little's counsel admitted in an affidavit that he "did intend to have the client appear for the adverse examination but for some unexplained reason the Affiant's office failed to [send] notice to the

client and apologizes for this inconvenience."

On June 20, 1986, the Dakota County District Court issued an order requiring Little's counsel to pay Dr. Morgan's fee for the missed appointment and requiring Little to appear for an independent medical examination. The medical examination was conducted on June 24, 1986. Little's counsel, however, sought a writ of prohibition from the court of appeals on July 22, 1986. That court vacated the portion of the district court's order which required Little to pay Dr. Morgan's fee. It denied prohibition concerning the medical examination because that had already been completed. We reverse on the fee issue.

The practical question of who pays the doctor the outstanding missed-appointment fee requires us to resolve the issue of whether a trial court can impose sanctions on an attorney or client when the client fails to attend an independent medical examination that has been stipulated to by counsel for both parties.

The defendant sought sanctions under Rule 37 of the Minnesota Rules of Civil Procedure after the plaintiff refused to pay the missed-appointment fee. Failure to make discovery pursuant to a stipulation does not fit neatly under Rule 37. Rule 37.02 provides sanctions for failure to comply with an order. It provides in part:

> If a party or an officer, director, employee or managing agent of a party or a person designated under Rule 30.02(6) or Rule 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision 37.01 of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> \*       \*       \*       \*       \*       \*
>
> (e) Where a party has failed to comply with an order under Rule 35.01 requiring him to produce another for an examination, such orders as are listed in paragraphs (a), (b), and (c) of this subdivision, unless the party failing to comply shows

that he is unable to produce such person for examination.

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Minn.R.Civ.P. 37.02.

Federal courts interpreting Rule 37(b) of the Federal Rules of Civil Procedure, which is similar to the Minnesota rule, have required a court order to be in effect before sanctions under this rule are imposed. *See, e.g., Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1213 (8th Cir.) *cert. denied,* 454 U.S. 968, 1084, 102 S.Ct. 512, 641, 70 L.Ed.2d 384, 619 (1981); *LaClede Gas Co. v. G.W. Warnecke Corp.,* 604 F.2d 561, 565 (8th Cir.1979); *Schleper v. Ford Motor Co., Automotive Division,* 585 F.2d 1367, 1371 (8th Cir.1978).

As indicated, a party must ordinarily obtain an order under Rule 35.01 of the Minnesota Rules of Civil Procedure before a physical, mental, or blood examination of a person may be conducted. *See* Minn.R. Civ.P. 35.01. Here, however, Miklya's counsel wrote Little's counsel and sought a stipulation to the requested examination "[i]n lieu of obtaining a formal order." Little's counsel signed the stipulation and returned it.

Rule 29 of the Minnesota Rules of Civil Procedure allows the parties by stipulation to "modify the procedures provided by these rules \* \* \* for discovery." Miklya argues that a Rule 29 stipulation should be construed as the functional equivalent of a court order for purposes of Rule 37.02 sanctions. Several commentators agree: "Stipulations may be enforceable in the same fashion as court orders \* \* \*." 2 D. Herr & R. Haydock, *Minnesota Practice,* Rules of Civil Procedure Annotated § 29.3

(1985).[1] The court of appeals, in *Wood v. Chicago, M., St. P. & Pac. R. Co.,* 353 N.W.2d 195, 198 (Minn.App.1984), held that "[i]f a party voluntarily agrees to submit to an adverse medical examination and then fails to appear, the sanctions of Rule 37.02 are not available because there is no court order requiring him to submit to this examination." The court of appeals in *Wood,* however, did not consider the effect of a stipulation under Rule 29.

The Rule 29 stipulation to the examination changed the discovery rules by making a Rule 35 order unnecessary to assure Little's presence at the independent medical examination. *See* Minn.R.Civ.P. 29. Rule 29 of the Federal Rules of Civil Procedure, which is similar to the Minnesota rule, was amended in 1970 because it was common practice for parties to agree to vary the discovery rules "and the amendment recognizes such agreements and provides a formal mechanism in the rules for giving them effect." Fed.R.Civ.P. 29 1970 advisory committee note. Because Rule 37 is the only one providing sanctions for failure to make discovery, it is the only one that could provide a formal mechanism to ensure the effectiveness of Rule 29 stipulations.

Both parties claim that public policy concerns require the result they urge. Miklya claims that if a stipulation were not enforceable by Rule 37 sanctions, attorneys would not use stipulations but would instead be forced to seek court orders for everything just to ensure that the other side would do as it agreed. Little claims that if stipulations were enforced like court orders they would be abused by defense counsel. While neither of these worst-case scenarios is likely to develop, Little's seems less likely because these stipulations would not exist unless plaintiffs' counsel agreed to them. Little also argues that even if the parties had the power to change the discovery rules so that Rule 37 sanctions could be imposed for violation of a Rule 29

stipulation, they did not do so here. Miklya's counsel, however, explicitly stated in his letter that he was seeking the stipulation "[i]n lieu of obtaining a formal order," and this suggests that the stipulation was to have the same effect.

Little's counsel failed to tell his client about the examination and the client failed to appear. As a result of Little's counsel's failure to keep his agreement that his client would appear for the examination, Miklya's counsel incurred a missed-appointment charge. Miklya's counsel could not ethically have told Little himself of the appointment, *see* Minn.R.Prof.Conduct 4.2, and had to rely on Little's counsel or, if Little's counsel had not agreed, would have had to seek a court order for the examination.

We therefore reverse the court of appeals and hold that a stipulation under Rule 29 of the Minnesota Rules of Civil Procedure is the functional equivalent of a court order for purposes of sanctions under Rule 37.02 of the Minnesota Rules of Civil Procedure.

Reversed. The writ of prohibition is dissolved.

---

1. Mr. Herr was the reporter of the Minnesota Supreme Court Committee on Civil Procedure on the 1985 revision of the rules.