**William L. WARRICK and Joan G. Warrick, his wife, Plaintiffs,**

v.

**Harold K. BRODE and Joseph T. Richardson, Inc., Defendants.**

**Civ. A. No. 3386.**

United States District Court
D. Delaware.

March 24, 1969.

Murray M. Schwartz, of Longobardi & Schwartz, Wilmington, Del., and Charles

Jay Bogdanoff, of Gekoski & Bogdanoff, Philadelphia, Pa., for plaintiffs.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

## OPINION

LATCHUM, District Judge.

At a pre-trial conference held in this case the question arose whether Joan G. Warrick, one of the plaintiffs, has the right to have her attorney present during a physical examination pursuant to Rule 35, F.R.Civ.P.

Plaintiffs, William L. Warrick and his wife, Joan G. Warrick, in this diversity suit, are seeking damages against the owner and operator of a panel truck, which they allege was negligently operated, causing a collision with the automobile in which they were passengers. They contend that they received severe, painful, and permanent personal injuries as a result of the collision.

The defendants have requested that Mrs. Warrick be examined by Dr. Walter L. Bailey, a Wilmington physician, sometime during the two week period prior to the trial. The plaintiff and her attorney neither object to the physical examination by Dr. Bailey nor challenge the doctor's ability or integrity. The sole dispute is whether plaintiffs' attorney should be present during the examination. Defendants insist that Mrs. Warrick's counsel should not be present. Plaintiff is equally insistent that it is her right and privilege to have him present.

It has long been the practice in this district and in the state courts of Delaware that an attorney will not be permitted to be present at a physical examination of his client undertaken pursuant to Rule 35 if the other party objects. Hollett v. Dundee, Inc., 272 F. Supp. 1 (D.Del.1965); Veleber v. Helbig, C.A. No. 1786 (D.Del. June 1, 1956); Bowing v. Delaware Rayon Co., 8 W.W. Harr. (38 Del.) 206, 190 A. 567, 569 (Del.

Super.Ct. 1937) (based on a statute which was the forerunner of Superior Court Rule 35, Del.C.Ann.). I am convinced these rulings are sound and in accord with the better view.[1] Dziwanoski v. Ocean Carriers Corp., 26 F.R.D. 595 (D.Md.1960) ; Commentary, 3 F.R.Serv. at 714; Barnet, Compulsory Medical Examinations Under The Federal Rules, 41 Va.L.Rev. 1059, 1073–74 (1955).

The examination authorized by Rule 35, while providing for protective devices, does not provide for the presence of counsel. This is as it should be, because an examination should be divested as far as possible of any adversary character. The examining doctor is, in effect, an "officer of the court" performing a non-adversary duty. The very presence of a lawyer for the examined party injects a partisan character into what should otherwise be a wholly objective inquiry.

If the attorney desires to be present to control the examination that would invade the province of the physician. If he desires his observations to be the basis for possible contradiction of the doctor, he is in effect making himself a witness contrary to the intention of Canon 19 of the Canons of Professional Ethics. Moreover, having attorneys present would tend to move the forum of the controversy from the courtroom to the doctor's office.

The absence of counsel during an examination does not leave the plaintiff unprotected. She may have her own physician present if she wishes and communicates that wish to the doctor and attorney for the defendants. Furthermore, plaintiff's attorney will have ample opportunity to challenge the use made of the information obtained by the examination when presented as evidence in court. And, of course, there is the right to in-

spect the report which she is entitled to demand under Rule 35. Finally, if the court finds that a particular doctor cannot be trusted to make a fair examination, it may refuse the requested order or designate another doctor in whom the court has confidence. These measures, I find, adequately safeguard the parties in the ordinary case and place them on an equal footing so far as having the opportunity to discover the true nature and extent of the injuries claimed.

Consequently, the plaintiff has no right to have her attorney present when she is required to submit to a physical examination under Rule 35.

An order will be entered in accordance with this opinion.

---

1. There are cases which have held that an attorney for an examined party may be present at an examination, see cases collected in Annot., 64 A.L.R. (2d) 497, 501–03 (1959), but there appears to have been no statute or rule similar to Rule 35 involved.