**Terrance McDANIEL, Plaintiff,**

v.

**TOLEDO, PEORIA AND WESTERN RAILROAD COMPANY, Defendants.**

No. 82–1288.

United States District Court,
C.D. Illinois,
Peoria Division.

April 8, 1983.

Richard A. Walkovets, Minneapolis, Minn., David B. Daley, Sutkowski & Washkuhn, Peoria, Ill., for plaintiff.

David Mueller, Cassidy & Mueller, Peoria, Ill., for defendants.

## ORDER

MIHM, District Judge.

This is a personal injury suit by Terrance McDaniel ("McDaniel") against his employer the Toledo, Peoria and Western Railroad Company ("TP & W"). McDaniel alleges that he, together with two other employees, was assigned to lift and carry an extremely heavy crossing plank which caused him severe and disabling injuries to his back and spine.

Pursuant to Fed.R.Civ.P. 35, TP & W's request for a physical examination by a physician of their choice was granted by this Court and the examination was scheduled for March 7, 1983. McDaniel appeared for the physical examination on that date but refused to permit any examination without the presence of his attorney. TP &

W filed a motion for an order compelling a physical examination of McDaniel outside the presence of his attorney and McDaniel filed a motion for a protective order. The Court finds that TP & W is entitled to have their physician examine McDaniel outside the presence of his attorney.

McDaniel's counsel points out that the Illinois legislature has provided state court litigants the right to have their attorney present during an adverse medical examination. Ill.Rev.Stat. Ch. 110, par. 2–1003(d) (1982). However, the Court believes that the federal cases provide the better rule in this area.

There are three federal cases on point, *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543 (S.D.N.Y.1978), *Warrick v. Brode,* 46 F.R.D. 427 (D.Del.1969), and *Dziwanoski v. Ocean Carriers Corp.,* 26 F.R.D. 595 (D.Md.1960), and each of these cases hold that a plaintiff is not entitled to have his attorney present at a Rule 35 examination. The Court agrees with this authority and adopts this rule.

The Court is particularly persuaded by the rationale set forth in *Warrick,* supra. In *Warrick,* the Court offered two compelling reasons to support the exclusion of the physician's attorney during a Rule 35 examination. First, the Court noted that a medical examination should be divested as far as possible of any adversary character. "The very presence of a lawyer for the examined party injects a partisan character into what should otherwise be a wholly objective inquiry." *Warrick,* supra, at 428.

Second, the Court noted the potential of creating problems under the Canons of Professional Ethics (now the Code of Professional Responsibility). Specifically, under Canon 5, DR 5–102, if a lawyer ought to be called as a witness on behalf of his client, he must withdraw from the conduct of the trial. When an attorney observes the examination of his client, he creates the possibility that he may have to impeach the examining physician through his own testimony.

Given these compelling reasons not to extend courtroom controversy into the physician's office, TP & W's motion for an order compelling discovery is GRANTED and McDaniel's motion for protective order is DENIED.