**Diane L. WHEAT and Jerrold L. Wheat, Plaintiffs,**

v.

**Russell D. BIESECKER and Roehl Transport, Inc., Defendants.**

**Civ. No. H 88–617.**

United States District Court, N.D. Indiana, Hammond Division.

May 18, 1989.

Joseph Jaskowiak, Merrillville, Ind., George Livarchik, Chesterton, Ind., for plaintiffs.

Martin Kus, LaPorte, Ind., for defendants.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Protective Order filed by the plaintiff, Diane L. Wheat, on May 12, 1989. For the reasons set forth below, the Motion is DENIED.

On May 18, 1987, the plaintiff, Diane L. Wheat, was injured in a traffic accident involving a tractor-trailer unit owned by the defendant, Roehl Transport, Inc., and driven by the defendant, Russell D. Biesecker. Wheat claims that she received permanent injuries as a result of the accident. This matter currently is set for a jury trial on January 8, 1990.

Pursuant to Federal Rule of Civil Procedure 35(a), the defendants have arranged to have Dr. William L. Blair, an orthopedic surgeon, conduct an independent medical examination of the plaintiff. The plaintiff's attorney has indicated that he intends to attend the examination conducted by Dr. Blair, and the defendants have objected to his presence. The plaintiff has filed the Motion for Protective Order seeking to prevent any medical examination without her attorney being present.

Rule 35(a) provides:

When the mental or physical condition (including the blood group) of a party, ... is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician ... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

■ Since Rule 35(a) does not specify whether a party has the right to have his attorney available during the examination, the issue is left to the discretion of the trial court. In *Dziwanoski v. Ocean Carriers Corporation*, 26 F.R.D. 595 (D.Maryland 1960), one of the initial cases discussing this issue, the court stated:

> The presence of the lawyer for the party to be examined is not ordinarily either necessary or proper; it should be permitted only on application to the court showing good reason therefore.
>
> 26 F.R.D. at 598

The court concluded since there was no showing that the doctor could not "be trusted to make a fair examination", the report required by Rule 35(b) was an adequate safeguard for the plaintiff.

The majority of cases have held that an attorney does not have the right to be present for the examination. *McDaniel v. Toledo, Peoria & Western Railroad Company*, 97 F.R.D. 525, 526 (C.D.Ill.1983); *Neumerski v. Califano*, 513 F.Supp. 1011, 1016–17 (E.D.Penn.1981); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.C.N.Y.1978) (labeling the plaintiff's claimed right to have his physician present "frivolous"); and *Warrick v. Brode*, 46 F.R.D. 427, 428 (D.Del.1969).

■ The plaintiff suggests that since Dr. Blair has been selected by the defendants and is not a court-appointed doctor, her attorney should be present to guard against any improper questioning by the doctor. The plaintiff's argument is unconvincing. It is highly unlikely that an examining physician would ask the plaintiff detailed questions concerning the accident. As a general rule, the doctors only ask the background questions needed to treat the patient such as whether the impact was from the front or the rear and the force of the impact. The plaintiff has not suggested any reason to indicate that Dr. Blair would attempt to engage in any improper questioning of the plaintiff.

A plaintiff's attorney should be reluctant to involve himself in the physical examination. If a question arises concerning the responses made by the plaintiff, the attorney may find himself in the unenviable position of being a witness during the trial. Disciplinary Rule 5–102 of the Code of Professional Responsibility prohibits an attorney from acting as both a lawyer and a witness during a trial. Therefore, by attending the medical examination, the attorney may be placing himself in the position of having to choose between participating in the trial as the litigator or as a witness. *McDaniel*, 97 F.R.D. at 526; and *Warrick*, 46 F.R.D. at 428.

After reviewing the medical report required by Rule 35(b), the plaintiff has the right to take the deposition of Dr. Blair. If it is determined that the doctor has questioned the plaintiff improperly, that evidence may be excluded at trial. *See generally Warrick*, 46 F.R.D. 428; *Dziwanoski*, 26 F.R.D. at 597–98; and 8 Wright & Miller, *Federal Practice and Procedure*, Sec. 2236.

-------

For the foregoing reasons, the Motion for Protective Order filed by the plaintiff on May 12, 1989 is DENIED.