**Claire E. RAGGE, Plaintiff,**

v.

**MCA/UNIVERSAL STUDIOS, a corporation; Marc Bension; Tony Caputo; Christopher Fahlman; Peter Muendel; John Portelli; Rick R. Storer; and Does 1 through 100, inclusive.**

**No. CV 94–2647–TJH (RMCx).**

United States District Court, C.D. California.

March 29, 1995.

Dan Stormer, Hadsell & Stormer, Pasadena, CA, for Plaintiff.

Mark Andrew Wasserman and Deborah P. Koeffler, Mitchell, Silberberg & Knupp, Los Angeles, CA, Raymond R. Kepner, Morgan, Lewis & Bockius, Los Angeles, CA, Louise A. LaMothe and Elizabeth Meinicke Flynn, Riordan & McKinzie, Los Angeles, CA, for Defendants.

## MEMORANDUM DECISION AND ORDER RE: DEFENDANTS MCA'S AND PORTELLI'S MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF

CHAPMAN, United States Magistrate Judge.

On March 7, 1995, defendants MCA Concerts, Inc. (sued as MCA/Universal Studios)[1] and Portelli filed a Notice of Motion and Motion to Compel Mental Examination of Plaintiff; and Joint Stipulation of Issues to be Determined by Defendants' Motion. On March 14, 1995, plaintiff filed an Opposition to Defendants' Motion to Compel Mental Examination of Plaintiff. On March 15, 1995, defendants MCA and Portelli filed a Supplemental Memorandum of Law in Support of Motion for an Order to Compel Mental Examination of Plaintiff.

Defendants contend that the mental examination of plaintiff is proper under Fed. R.Civ.P. 35 because plaintiff has placed her mental state in controversy by claiming damages for pain and suffering and for emotional distress. Plaintiff does not contend that the mental examination is improper, but proposes that two conditions be attached to the mental examination: (1) that the examiner disclose in advance to plaintiff's counsel the specific tests to be conducted at the examination; and (2) that a third party observer be present at the examination. Defendants oppose the conditions, asserting that they could interfere with, or have a negative effect on, the mental examination and might skew the outcome.

Counsel for the parties met and conferred in person regarding the proposed mental examination on February 24, 1995, pursuant to Local Rule 7.15.1, but were unable to resolve their dispute.

This case was assigned to Magistrate Judge Rosalyn M. Chapman on March 13, 1995, for discovery purposes. Defendants' motion was initially noticed for March 21, 1995, and subsequently renoticed, at the Court's request, for March 29, 1995.

---

1. Referred to in the Memorandum Decision as     Defendant MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Claire E. Ragge alleges four causes of action for sexual harassment and discrimination in the workplace and unlawful retaliation by defendants in violation of Title VII, 42 U.S.C. § 2000e, et seq., and California Government Code §§ 12940(h)(1) (sexual harassment), (i) (failure to prevent discrimination and harassment), and (f) (unlawful retaliation) and four common law tort causes of action arising out of defendants' treatment of her and conduct.

Plaintiff originally filed her lawsuit in the Los Angeles Superior Court, on March 24, 1994. Defendants MCA, Bension, Portelli, Muendel, and Caputo answered the complaint in the Superior Court. Shortly thereafter, the case was removed to federal court on the grounds of federal question jurisdiction. After removal, defendant Storer answered the complaint. Defendant Christopher Fahlman has not yet been served with a summons and complaint. Plaintiff settled the action against defendant Bension, and he has been dismissed as a defendant.

## DISCUSSION

Federal Rules of Civil Procedures 26(a)(5) provides that parties may obtain discovery by "physical and mental examinations." Rule 35 sets forth the requirements for obtaining discovery by a physical or mental examination, as follows:

"(a) When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

One of the purposes of Rule 35 is to "level the playing field" between parties in cases in which a party's physical or mental condition is in issue. "[G]ranting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state...." *Tomlin v. Holecek*, 150 F.R.D. 628, 633 (D.Minn.1993). A plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or forensic expert. "Only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D.Conn. 1994).

Under Rule 35 the party moving for a physical or mental examination must meet two requirements: first, the physical or mental condition of the party must be "in controversy"; and second, "good cause" for the examination must be established. *Schlagenhauf v. Holder*, 379 U.S. 104, 117–20, 85 S.Ct. 234, 241–43, 13 L.Ed.2d 152 (1964). Each motion to compel a mental examination must be decided on a case by case basis, under all the relevant circumstances. *Id.*

In our case, plaintiff's mental condition has been placed "in controversy" by the complaint. Plaintiff alleges in the first cause of action for sexual harassment, that she "has suffered, and continues to suffer, humiliation, embarrassment, and mental and emotional distress and discomfort...."[2] (Complaint, ¶ 80). In the fifth cause of action for intentional infliction of emotional distress, plaintiff alleges that defendants "knew or should have known that their conduct would result in plaintiff's severe emotional distress, and said conduct was perpetrated ... and with the intent to inflict, or with reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress upon plaintiff."[3] (Complaint, ¶ 99). In the sixth cause of action for negligent supervision, plaintiff alleges that defendants "knew, or reasonably should have known that their conduct would and did proximately result in

---

**2.** All subsequent causes of action in the complaint incorporate this allegation by reference.

**3.** All subsequent causes of action in the complaint incorporate this allegation by reference.

physical injury and emotional distress to plaintiff ... [including] sleeplessness, anxiety, tension, depression, and humiliation" (Complaint ¶ 102), and remaining defendants ratified the negligent conduct "with the knowledge that plaintiff's emotional and physical distress were thereby increase (sic)."[4] (Complaint, ¶ 106). Lastly, plaintiff prays for compensatory damages for mental and emotional distress. (Complaint, Prayer ¶ 1). Thus, it is clear, that plaintiff's mental state is "in controversy."

■■■ Now we must determine whether there is "good cause" for the mental examination. " 'Good cause' for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." Lindemann & Kadue, *Sexual Harassment In Employment Law,* BNA (1993 ed.), at page 560. "Good cause" is established by a showing that the defendant has no other method to discover relevant information; there is simply no less intrusive means. *Id.*

■■■ Sometimes the two requirements of Rule 35 are merged, as noted by the court in *Duncan v. Upjohn Co.,* 155 F.R.D. at 25:

"Courts have read *Schlagenhauf* as merging the 'in controversy' and 'good cause' requirements of Rule 35 when a plaintiff claims an ongoing mental injury.... By claiming ongoing psychiatric harm caused by the ... defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination under *Schlagenhauf.*" (citation omitted)

Thus, plaintiff's allegation in ¶ 80 of the Complaint, that her emotional distress is ongoing, is sufficient to establish good cause to compel a mental examination of her.

In fact, plaintiff does not dispute that a mental examination under Rule 35 is appropriate. Rather, she seeks to attach two conditions to the examination. First, that the examiner disclose in advance to plaintiff's counsel the specific tests to be conducted at the examination; and second, that a third party observer be present at the examination.

■■■ Because the mental examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have a plaintiff examined by defendant's expert, some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided it is not an improper examination.[5] Although the Court is not required to accept defendants' proposed examiner as the examining psychologist, only if plaintiff raises a valid objection will the Court appoint a different examiner.[6] *Duncan v. Upjohn Co.,* 155 F.R.D. at 26. Plaintiff's allegations that Dr. Paul Lees–Haley is an advocate, hostile to plaintiff and her counsel, are purportedly based on a letter Dr. Lees–Haley wrote objecting to conditions being attached to his examination of plaintiff. The letter does not show, and evidence has not been proffered by plaintiff to show, that Dr. Lees–Haley, a clinical psychologist licensed in California, will not conduct an unbiased, proper examination.

■■■ The declaration of Dr. Lees–Haley sets forth the nature of the examination to be conducted, including the types of psychological tests he may choose to administer. There is nothing unusual or improper proposed. It would serve no purpose to require Dr. Lees–Haley to select, and disclose, the specific tests to be administered in advance of the examination. A detailed report of the mental examination, including the tests administered, will be provided to plaintiff under Rule 35(b).

■■■ Third party observers may, regardless of their good intentions, contaminate a

---

4. All subsequent causes of action in the complaint incorporate these allegations by reference.

5. If the examination is improper, it may be excluded at trial. 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure,* § 2236 (2d ed. 1994).

6. Plaintiff has not objected to the psychologist selected by defendants but, nevertheless, seeks to place conditions on his examination based on his alleged hostility to plaintiff and her counsel.

**610**

mental examination. *Tomlin v. Holecek,* 150 F.R.D. at 628; *Galieti v. State Farm Mutual Automobile Ins. Co.,* 154 F.R.D. 262, 264 (D.Colo.1994). Moreover, Dr. Lees–Haley does not propose to use unorthodox or potentially harmful techniques in his examination of plaintiff, requiring a third party to be present. *Duncan v. Upjohn Co.,* 155 F.R.D. at 27. The potential for a third party observer to interfere with, or even contaminate, a mental examination is recognized in California Code of Civil Procedure Section 2032(g)(1), which provides that an observer may be present at a physical examination but does not provide for an observer at a mental examination. Accordingly, plaintiff's request for a third party observer during her mental examination is without merit.

Defendants' Motion to Compel a Mental Examination of Plaintiff does not fully comply with the provisions of Rule 35. It does not specify the time or date for the mental examination.[7] Nevertheless, as the court found in the *Galieti* case, with trial forthcoming it is too late to require defendants to refile their motion specifying date and time.

WHEREAS, good cause appearing,

IT IS HEREBY ORDERED:

Defendants MCA's and Portelli's Motion to Compel the Mental Examination of Plaintiff Claire E. Ragge, pursuant to Fed.R.Civ.Proc. 35, is GRANTED. The mental examination shall take place within the next sixty (60) days, and shall commence at 9:00 a.m. and continue to no later than 5:00 p.m., with a one hour lunch break mid-day, as determined by Dr. Paul Lees–Haley.

---

**7.** Perhaps these requirements were discussed by the parties during their attempt to enter into a stipulation regarding the mental examination, but they are not set forth in the Motion to Compel or Joint Stipulation.