Jerry L. **HOLLAND** and Kathryn M. Holland, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. 4:97–2141–23.

United States District Court, D. South Carolina, Florence Division.

May 11, 1998.

O. Fayrell Furr, Jr., Furr and Henshaw, Myrtle Beach, SC, for plaintiffs.

J. Douglas Barnett, Assistant U.S. Attorney, R. Emery Clark, Assistant U.S. Attorney, United States Attorney's Office, Columbia, SC, for defendant.

## ORDER

SEYMOUR, United States Magistrate Judge.

This is a medical malpractice action wherein Plaintiff Jerry L. Holland contends he received negligent treatment from a physician employed by Defendant United States. Mr. Holland asserts that he is disfigured and totally disabled as a consequence.

This matter is before the court on Defendant's Motion for Rule 35 Physical Examination. Plaintiffs oppose the motion. In addition, Plaintiffs contend that, in the event the motion is granted, the court should appoint an independent medical examiner and allow audio and video recording of the examination. Defendant objects to the conditions Plaintiffs seek to impose on the examination.

A hearing was held on April 30, 1998, attended by Olin Fayrell Furr, Jr., Esquire for Plaintiffs, and John Douglas Barnett, Esquire for Defendant.

Rule 35(a) provides:

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

At the hearing, the court determined that Mr. Holland had put his physical condition in controversy by alleging in his complaint that he is disfigured and totally disabled as a result of acts and omissions of Defendant's employee. The court further found that Defendant had established good cause for the Rule 35 examination, inasmuch as Defendant wishes to explore the extent of Holland's alleged disability and disfigurement, obtain a current assessment of Mr. Holland's physical condition, and attempt to discover whether subsequent treatment received by Mr. Holland may have contributed to alleged disability and disfigurement. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The court took under advisement the restrictions sought to be imposed by Plaintiffs. After a thorough review of federal precedent, the court concludes that Plaintiffs' requests for an independent medical examiner and audio and video recording of the examination should be denied.

### A. *Independent Medical Examiner*

■ Defendant has designated one of its expert witnesses, William Daniel Westerkam, M.D., to examine Mr. Holland. Plaintiffs contend that the court should appoint a "non-biased" physician to perform the Rule 35 examination. There is no requirement that a Rule 35 examination be conducted by a physician wholly unconnected with either party. The court should appoint a physician different from the one proposed by a defendant only when the plaintiff raises a valid objection. *Powell v. United States*, 149 F.R.D. 122 (E.D.Va.1993). As there is no evidence of personal bias on the part of Dr. Westerkam, or evidence that he will utilize discred-

ited or harmful techniques to examine Mr. Holland, the court declines to exercise its discretion to appoint a different person to conduct Mr. Holland's physical examination.

## B. *Recordation of Examination*

■ Plaintiffs' next request that they be allowed to make a contemporaneous recording of the Rule 35 examination to "erase any doubts of how the examination was conducted, ... give Plaintiff's expert an opportunity to determine if there are any flaws in the examiner[']s techniques" and aid Plaintiff's cross-examination of Dr. Westerkam. Plaintiff's counsel offers to unobtrusively record the examination, or employ a professional reporter and videographer to record the examination.

A number of states allow a party's attorney to observe a Rule 35 examination. *See, e.g., Ragge v. MCA/Universal Studios,* 165 F.R.D. 605 (C.D.Cal.1995) (referencing California Code of Civil Procedure § 2032(g)(1)); *Jacob v. Chaplin,* 639 N.E.2d 1010 (Ind. 1994); *Langfeldt–Haaland v. Saupe Enter.,* 768 P.2d 1144 (Alaska 1989); *Rochen v. Huang,* 558 A.2d 1108 (Del.Sup.Ct.1988). The weight of federal authority, however, favors the exclusion of the plaintiff's attorney from a Rule 35 examination absent a compelling reason. *See, e.g., Wheat v. Biesecker,* 125 F.R.D. 479 (N.D.Ind.1989); *Cline v. Firestone Tire & Rubber Co.,* 118 F.R.D. 588 (S.D.W.Va.1988); *McDaniel v. Toledo, Peoria & Western R.R. Co.,* 97 F.R.D. 525 (C.D.Ill.1983); *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543 (S.D.N.Y.1978); *Warrick v. Brode,* 46 F.R.D. 427 (D.Del. 1969); *Dziwanoski v. Ocean Carriers Corp.,* 26 F.R.D. 595 (D.Md.1960). Courts rejecting the presence of the plaintiff's attorney during a Rule 35 examination have held that medical examinations should be divested as far as possible of any adversary character. *McDaniel,* 97 F.R.D. at 526. Furthermore, these courts have recognized that, "by attending the medical examination, the attorney may be placing himself in the position of having to choose between participating in the trial as the litigator or as a witness." *Wheat,* 125 F.R.D. at 480. Accordingly, Plaintiffs'

counsel's request to personally videotape Mr. Holland's physical examination is **denied.**

■ The more difficult question, however, is whether Plaintiffs are entitled to the presence of any third party at Mr. Holland's physical examination, be it through a professional videographer or court reporter, or even through the mere mechanical recordation of the physical examination via an unattended videotape machine. Some federal courts have permitted a third party's presence in exceptional circumstances. *See, e.g., Di Bari v. Incaica Cia Armadora, S.A.,* 126 F.R.D. 12 (E.D.N.Y.1989) (stenographer allowed at psychiatric examination when it appeared that plaintiff, who was not fluent in English, would have difficulty communicating with his attorney); *Zabkowicz v. West Bend Co.,* 585 F.Supp. 635 (E.D.Wis.1984) (recording device allowed in the event psychiatric examination transformed into "de facto deposition").

However, the majority of federal courts have rejected the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination. The court in *Tomlin v. Holecek,* 150 F.R.D. 628 (D.Minn.1993), articulated a number of reasons for its conclusion that Rule 35 examinations should be limited to the presence of the examiner and the party being examined. First, the court found that the presence of a third party during the examination under Rule 35 "would lend a degree of artificiality to the interview technique which would be inconsistent with applicable professional standards." *Id.* at 631.

Second, the court found that one of the purposes of Rule 35 is "to provide a 'level playing field' between the parties in their respective efforts to appraise" the plaintiff's condition. *Id.* at 632. Therefore, the party requesting the examination should be free from oversight by the opposing party. As the court noted:

> To the extent that the Plaintiff regards the 2–hour interview of Dr. Aletky [Defendants' expert] as providing an unacceptable degree of license with which she may question him at will, that degree of latitude is no greater than the liberality extended to the Plaintiff's consultants, who are ex-

pected to testify in this matter on the same general subject matter as may be expected from Dr. Aletky. If, as the Plaintiff fears, Dr. Aletky should fail to comprehensively record the contents of her interview with the Plaintiff, she will have no greater opportunity to do so than that accorded to Plaintiff's consultants. Ultimately it is for the Court and the Jury to assure that the evaluatory framework of Rule 35 is not misused or abused.... [T]he Plaintiff will be able to underscore, through cross-examination, the weaknesses in the Defendants' opinion testimony that should discredit its believability.... In any event, the Plaintiff suffers no disadvantage by his inability to tape record Dr. Aletky's interview that is not shared by the Defendants who ... are without a recording or a transcript of the interviews of the Plaintiff that were conducted by his psychologists.

*Id.* at 633. The court observed that both the plaintiff's and defendants' experts were "bound by the methodologies of their discipline and by the same formal or informal principles of professional integrity." *Id.*

Third, the *Tomlin* court refused to promote "the infusion of the adversary process into the ... examining room[.]" *Id.* at 634. Although *Tomlin* involved a psychiatric evaluation, its analysis is applicable to physical examinations, as well. *Accord Romano v. II Morrow, Inc.*, 173 F.R.D. 271 (D.Or.1997) ("observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the [physical examination] process"); *Shirsat v. Mutual Pharmaceutical Co.*, 169 F.R.D. 68 (E.D.Pa.1996) (same with respect to Rule 35 psychiatric examination); *Tirado v. Erosa*, 158 F.R.D. 294 (S.D.N.Y. 1994) ("defendants were offered to such aid [by way of a stenographer] with plaintiff's examination by her own psychiatric expert, which apparently took place without the presence of third parties"); *Duncan v. Upjohn Co.*, 155 F.R.D. 23 (D.Conn.1994) (presence of a third person at Rule 35 examination would subvert purpose of Rule 35, which is to put plaintiff and defendant on equal footing with regard to evaluating plaintiff; witness's status as one who receives funding from defendant goes to the credibility and not to the

admissibility of the testimony); *Galieti v. State Farm Mut. Auto. Ins. Co.*, 154 F.R.D. 262 (D.Colo.1994).

The court finds persuasive the reasoning of *Tomlin* and its progeny. Clearly, the presence of a videographer could influence Mr. Holland, even unconsciously, to exaggerate or diminish his reactions to Dr. Westerkam's physical examination. Mr. Holland could perceive the videotape as critical to his case and fail to respond in a forthright manner. In addition, the videotape would give Plaintiffs an evidentiary tool unavailable to Defendant, who has not been privy to physical examinations made of Mr. Holland by either his treating physicians or any experts he may have retained. Such a result undermines the purpose of Rule 35.

Plaintiff has not demonstrated that compelling circumstances exist that could mandate recordation of the Rule 35 examination. Accordingly, Plaintiff's request that Mr. Holland's Rule 35 physical examination be preserved on videotape is **denied.**

It is so ordered.