Walter W. WOMACK,

v.

STEVENS TRANSPORT, INC.

No. Civ.A.99–CV–862.

United States District Court,
E.D. Pennsylvania.

Feb. 14, 2001.

Eugene D. McGurk, Jr., G. Craig Lord, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for plaintiff.

Louise D. Hayne, Rawle & Henderson, Timothy J. Abeel, Rawle and Henderson, Jon Michael Dumont, Rawle & Henderson, LLP, Philadelphia, PA, for defendant.

### MEMORANDUM

ANGELL, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the Court is a Motion for Reconsideration of this Court's October 3,

2000 Order denying Defendant's request for a psychiatric independent medical examination (IME) of the Plaintiff. Defendant, Stevens Transport, Inc., requested an Order compelling Plaintiff, Walter W. Womack to undergo a psychiatric IME. Initially, this Court denied the request. Subsequently, Defendant has filed a Motion for Reconsideration of this Court's Order. The Plaintiff, has submitted a response to Defendant's renewed request, contending that the IME should be denied. Thereafter, Defendant filed a letter reply to Plaintiff's response.

## II. BACKGROUND

This is a personal injury case brought by Plaintiff, Mr. Womack, alleging that he suffered physical and mental injuries as a result of a motor vehicle accident involving a truck operated by an employee of Defendant, Stevens Transport, Inc. However, a neurologist who examined plaintiff following the accident concluded that Mr. Womack's "bad nerves" and bi-temporal headaches were more closely related to muscular or tension headaches than with post-traumatic headaches. (*See* Exhibit D attached to Defendant's Motion filed on May 22, 2000 at p. 3).

During the discovery process, Defendant obtained Plaintiff's medical records, including a report from Dr. Elliot Kaplan, a psychiatrist. Dr. Kaplan's records indicate that Plaintiff reported a prior history of depression associated with " ... vegetative symptoms. Stressors for him have included social isolation, having endured two divorces and certain work issues." (*See* Exhibit B attached to Defendant's Motion filed on May 22, 2000, at p. 1). Defendant subsequently directed a subpoena to Kaplan for the production of his records pertaining to Mr. Womack. In response, Plaintiff filed a Motion for a Protective Order and/or Motion to Quash, asserting that the latter records were protected from discovery by the psychotherapist-patient privilege under 42 Pa.C.S. 5944. This Court noted that the Pennsylvania Supreme Court has not yet addressed this issue. Nevertheless, citing *Kraus v. Taylor,* 710 A.2d 1142 (Pa.Super.1998) (citing *Rost v. State Bd. Of Psychology,* 659 A.2d 626 (Pa. Cmwlth.1995)), this Court concluded that the

Pennsylvania Supreme Court would agree that when a person places their mental condition directly at issue in a civil action, as the Plaintiff has done in this case by claiming mental anguish, suffering, emotional distress, humiliation, and inconvenience, the psychiatrist-patient privilege is implicitly waived. Furthermore, this Court observed that federal caselaw also strongly demonstrates that Mr. Womack has waived his privilege under Pennsylvania law. This Court opined that evidence of psychiatric treatment prior to the accident at issue would be a strong indicator as to whether or not the Plaintiff's psychological injuries are due to the circumstances that have existed prior to or as a result of the accident. Consequently, this Court held that Plaintiff impliedly waived the privilege by filing his lawsuit and ruled that the records held by Dr. Kaplan were not privileged.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 35, the Court may order a party to submit to a mental examination only if that party's mental condition is "in controversy," and the movant has shown "good cause" for the person to be examined.

## IV. DISCUSSION

One of the purposes behind Rule 35 is to "level the playing field" between the two parties in cases where a party's physical or mental condition has become an issue. *Ragge v. MCA/Universal,* 165 F.R.D. 605, 608 (C.D.Cal.1995). "Granting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state ..." *Tomlin v. Holecek* 150 F.R.D. 628, 633 (D.Minn.1993). Under the plain language of the rule, an order compelling a mental examination under Rule 35 may be issued only where the mental condition of the party is "in controversy" and there is "good cause" for the order. *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

### A. "In Controversy"

There are two primary ways in which the mental or physical condition can be placed "in controversy." The first is where

the mental or physical condition of the person is placed in issue by *another* party. In cases where the defendant seeks to make the plaintiff's mental state an issue, the defendant bears the burden of showing that the plaintiff's mental state is in controversy.

The second is where the mental or physical condition of a person is placed in issue by the plaintiff through their pleadings. The latter category applies to this case. The Supreme Court in *Schlagenhauf* noted that there are some cases, such as negligence suits, where the existence of a controversy regarding the plaintiff's mental or physical condition is readily apparent from the pleadings. *Schlagenhauf*, 379 U.S. at 118–119, 85 S.Ct. 234. "A plaintiff in a negligence action who asserts a mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

In the case at bar, Plaintiff alleges to have suffered "excruciating and agonizing aches, pains, mental anguish, suffering, emotional distress, humiliation, [and] inconvenience ..." (*See* Plaintiff's Complaint filed on Jan. 20, 1999 at p. 4, paragraph 13). In addition, Dr. Kaplan's records indicate that the cause for the plaintiff not returning to work may be, in part, due to psychological problems. Dr. Kaplan discovered that plaintiff suffered from schizoaffective disorder, bipolar disorder, and delusional disorder. After May 7, 1997, when plaintiff last saw Dr. Kaplan, he noted in his records that Mr. Womack's condition had become worse. Subsequent to this date, plaintiff did not receive any psychological treatment. The accident at issue occurred on September 5, 1997, four months after the discontinuance of plaintiff's treatment.

Mr. Womack alleges that he is unable to work as a result of physical injuries. However, defendant asserts that in light of plaintiff's psychological history, plaintiff may be unable to work because of psychological problems which existed prior to the accident. Defendant further contends that plaintiff's failure to obtain treatment may have contributed to his inability to work. Hence, this Court deems that plaintiff's mental condition is "in controversy" under Rule 35.

### B. "Good Cause"

■ Having determined that Plaintiff's mental condition is "in controversy," this Court must address the issue of whether the defendant has established good cause for the requested examination. This question turns on relevance and need for the psychiatric IME. Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case. *See Ragge*, 165 F.R.D. 605.

A psychiatric IME would be relevant in this case because without it, the Defendant's defense would be limited to the mere cross-examining of evaluations offered by Plaintiff's experts. *Tomlin*, 150 F.R.D. at 632. The promulgators of Rule 35 deemed that the opportunity to cross-examine was an "insufficient test of truth" and as a result, independent examinations were prescribed. *Id.* Accordingly, the relevance requirement is satisfied in the present case because the defendant should be afforded the opportunity to have an independent examination administered in order to determine whether Mr. Womack is unable to work because of his preexisting mental condition or physical injuries that were allegedly sustained in the accident.

In deciding whether there is need for a mental examination, the court must examine the "ability of the movant to obtain the desired information by other means ..." *Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234. In the instant case, there are no other means of determining the present psychological state of Mr. Womack. This Court concludes that the Defendant has satisfied the "relevance" and "need" requirements. Hence, Defendant has met its burden of affirmatively showing "good cause" to conduct Plaintiff's psychiatric IME.

For the foregoing reasons, the Court determines that the Plaintiff has placed his mental injuries in controversy and provides the Defendant with good cause for a psychiatric examination to determine the existence

and extent of the claimed injuries. A psychiatric IME is to be conducted and completed within fourteen (14) days from the date of this Memorandum and Order.