**BRADFORD FELMLY, CAROLINE FELMLY, on behalf of themselves and their minor son, DAVID FELMLY, Plaintiffs**

**v.**

**MARTHA L. HILLS and GERALD HILLS d/b/a "Mahogany Tree Villas,", Defendants**

**FELMLY v. HILLS**

Civ. No. 2002-153

District Court of the Virgin Islands

Division of St. Thomas and St. John

July 16, 2004

*For plaintiffs*: ALAN D. SMITH, ESQ., St. Thomas, U.S.V.I.

*For defendants*: JAMES L. HYMES, ESQ., St. Thomas, U.S.V.I.

BARNARD, *Magistrate Judge*

■■■■■■

## MEMORANDUM

(July 16, 2004)

This matter came on for consideration on the plaintiffs' motion for protective order. After consideration of the parties' motion papers and arguments at the July 12, 2004 hearing, the Court will grant the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Bradford and Caroline Felmly and their sixteen year old son, David Felmly, also a plaintiff, were renting a tourist rental villa from the defendants Martha L. Hills and Gerald Hills. The plaintiffs contend that one of the defendants invited David to a "free beer" if he climbed onto the defendants' gazebo roof to wash off some volcanic ash. (Compl. P 17.) David accepted this invitation, and as a result, the plaintiffs allege, he fell and suffered "severe injuries, trauma, physical pain and anguish, lost time from his education, and other harm" as well as future pain and suffering as a result of his injuries. (*Id.* P 31.)

The plaintiffs have sued for premises liability and negligence. The defendants filed a notice of independent medical examination ["IME"]. The alleged purpose of the IME was to determine the basis, if any, for any of David Felmly's claims for emotional distress. The IME was also to "encompass all aspects of the [P]laintiff David Felmly's personality and character as they may be relevant to his claims for liability and damages ..." The plaintiffs moved for a protective order and denial of the IME.

## II. DISCUSSION

Rule 35(a) of the Federal Rules of Civil Procedure provides that when the physical or mental condition of a party is in controversy, upon motion for good cause, the court may order the party to submit to a physical or mental examination. The issue here is whether David Felmly's mental condition is in controversy, and if so, whether the defendants have shown good cause for the psychiatric examination.

The defendants claim that a psychiatric evaluation is necessary to make the following determinations regarding David Felmly's mental condition:

- whether David Felmly, as a minor, lacked the "experience, judgment, and adult circumspection" to appreciate the danger involved in climbing onto a slanted roof top, as the plaintiffs claim (Reply to Opp'n by Pls. to Indep. Psych. Exam at 2);

- whether he suffered anguish as a result of the defendants' negligence (*Id.*);
- whether his previous Attention Deficit Hyperactivity Disorder or substance abuse in any way proximately caused any possible future loss of ability to earn income (*Id.* at 2-3);
- why he has elected not to attend college and whether this decision will impact on his future economic earning capacity (*Id.* at 3); and
- why he did not sit down and come off the roof when his mother asked him to do so (*Id.* at 3-4).

■ Despite these queries, the defendants have not shown that plaintiff David Felmly's mental condition is in controversy nor have they shown the requisite good cause to warrant a psychiatric mental examination. It is well established that a party requesting a physical or mental examination must adequately demonstrate the Rule's requirements of "in controversy" and "good cause." *Bowen v. The Parking Authority of the City of Camden*, 214 F.R.D. 188, 191 (D.N.J. 2003) (*citing Schlagenhauf v. Holder*, 379 U.S. 104, 118-119, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964)). These requirements are not met by "mere conclusory allegations of the pleadings—nor by mere relevance to the case" but require the party seeking the mental examination to show affirmatively that each mental condition the party seeks to examine is genuinely in controversy. *Schlagenhauf* at 118.

■ There are two primary scenarios where the "in controversy" requirement is established in the context of Rule 35. *See e.g. Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445, 446-447 (E.D. Pa. 2001); *Bowen* at 192. The first is when the plaintiff's pleadings or representations made during the course of the litigation place a party's mental condition in controversy. *Womack* at 446-447; *Bowen* at 192. The second is where a party other than the plaintiff, for example, the defendant, seeks to place someone's mental condition in controversy. *Womack* at 446-447. In such a case, the party seeking the IME has the burden of showing that the mental condition of the party they are seeking to examine is in controversy. *Id.* at 447. As will be shown, neither scenario is present here.

■ The plaintiffs have not placed David Felmly's mental condition at issue. "To put mental condition in controversy, a plaintiff must assert a claim for mental or psychiatric injury." *Turner v. Imperial Stores*, 161 F.R.D. 89, 94 (*citing Tomlin v. Holecek*, 150 F.R.D. 628, 630). The only

emotional injury claimed on behalf of David Felmly in the plaintiffs' complaint is "anguish." (*Compl.* ¶ 31.) Most courts agree that this "garden variety" type of claim is not sufficient to place a plaintiff's mental status in controversy. *See Bowen* at 193. Further, the plaintiffs have stipulated at the hearing on this motion and in their moving papers that they are not seeking damages on behalf of David Felmly for any mental or emotional injuries other than what David experienced at the time of his injury (Pls.' Mem. Supp. Mot. Protect. Order at 8).[1] They have stipulated that they are not claiming any permanent, continuing, or future emotional or mental injuries in this matter or any economic loss resulting therefrom. Thus the plaintiffs have not placed David Felmly's mental condition at issue.

██ The plaintiffs' conduct has not presented any of the additional elements that would weigh in favor of ordering a mental examination. "[A] court will order plaintiffs to undergo mental examinations when, in addition to a claim of emotional distress, one or more of the following elements are present: '(1) a cause or action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim; and/or (5) plaintiff's concession that his or her mental condition is in 'controversy' within the meaning of Rule 35(a)." *Bowen* at 193 (*citing Turner* at 95). The plaintiffs have not pled any separate causes of action for intentional or negligent infliction of emotional distress. They do not claim any unusually severe emotional distress. They have stipulated that they will not offer expert testimony respecting any continuing, future, or permanent emotional or mental injuries in this matter. Finally, they have not conceded that David's mental condition is in controversy. Therefore, I find that his mental condition is not in controversy.

██ A defendant bears the burden of showing that the plaintiff's mental condition is at issue in order to obtain an order for the plaintiff's mental examination. *See Womack* at 447. The evidence presented by the defendants does not meet this burden. I find that David's Attention Deficit Hyperactivity Disorder, for which he was treated between the ages of five and eleven, to be too attenuated from this matter to place

---

[1] Courts in the Third Circuit take such stipulations into consideration in this context. *See e.g., Bowen* at 194.

David Felmly's mental condition in controversy. The only evidence in the record concerning substance abuse is that David was treated for it in October 2002—more than one year after the accident took place. (Bradford Felmly Depo at 12:9-13:19 (Reply to Opp'n by Pls. to Indep. Psych. Exam. Ex. B)). This also does not place his mental condition in controversy. Neither does David's educational or career plans. Therefore, I do not find that the defendants have shown that David Felmly's mental condition is in controversy.

In addition, I find that the defendants have not shown the requisite good cause for an IME. The defendants are seeking an order allowing a psychiatrist to examine David Felmly and opine on his judgment and the reason he supposedly disregarded his mother's request to come off the roof. These are issues for a jury to decide and they do not require an IME.

Further, good cause does not exist because much of the information the defendants are seeking from the IME is obtainable by other means. "In deciding whether there is a need for a mental examination, the court must examine the 'ability of the movant to obtain the desired information by other means.'" *Womack* at 447. The defendants can obtain information they seek from the IME by other methods of discovery. For example, the defendants could simply have asked David Felmly in his August 21, 2003 deposition why he elected not to attend college in the Fall of 2003. The defendants could also have asked David at his deposition about the extent of his mental anguish. I do not find a need for the IME because this information could be obtained by means other than a mental examination.

### III. CONCLUSION

Neither the plaintiffs nor the defendants have placed David Felmly's mental condition in controversy. The defendants have not shown good cause for an IME. I will not permit the defendants to intrude upon plaintiff David Felmly with a mental examination to obtain information that could have been obtained through normal discovery or by cross-examination at trial. Accordingly, I will grant the plaintiffs' motion for protective order. No sanctions shall be awarded and the parties shall bear their own costs.