CRONE, Judge,
concurring.
In Williams, our supreme court held that the psychiatric examination of a criminal defendant by a court-appointed expert is not a critical stage of the proceedings and therefore does not trigger the defendant’s Sixth Amendment right to the assistance of counsel. See 555 N.E.2d at 136 (“[T]he proper test for determining whether a particular proceeding is a ‘critical stage,’ to which the assistance of counsel guarantee applies, is whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities. A psychiatric examination involves no ‘intricacies of the law.’ Because the examiner, appointed by the trial court ... is disinterested, the defendant is thus not facing his adversary in such an examination.”). In Taylor, the court was not squarely presented with the issue of whether the psychiatric examination of a criminal defendant by the State’s expert is a critical stage of the proceedings, but the court’s analysis appears to presume that it is not. See 659 N.E.2d at 541 (“A defendant is entitled to the opportunity to consult with counsel before submitting to a psychiatric examination by the State.”) (emphasis added).[6] Because Williams and Taylor effec *219 tively compel the result reached by my colleagues, I reluctantly concur. I write separately to express my reservations about this result in light of the facts of this case and to invite our supreme court to consider the issue anew.
After Esmond was charged with attempted murder and other crimes, he was examined by his own expert and two court-appointed experts, all of whom determined that he was insane at the time of the stabbing. On February 25, 2014, the State filed a motion seeking to have Esmond examined by the State’s psychiatric expert, Dr. Masbaum, outside the presence of Es-mond’s counsel. The next day, the State filed a motion to compel Esmond to cooperate with Dr. Masbaum, which the trial court granted. At a hearing on March 14, 2014, both Esmond’s counsel and the State stipulated that Esmond was incompetent to stand trial and unable to assist in his defense. ■ On March 19, 2014, Esmond filed an objection to the State’s motion to compel. On March 26, 2014, the trial court held a hearing on Esmond’s objection and ruled that by asserting an insanity defense, Esmond waived his right to the assistance of counsel at Dr. Masbaum’s examination. If the defendant is incompetent to stand trial, how in the world can he be expected to accurately relate what occurred during an examination by the State’s expert to his attorney? Without being present or having the benefit of a recording of the examination, defense counsel would be forced to wade into cross-examination blind. I fail to see how the interests of justice are promoted by such a procedure.
Based on the parties’ stipulation, the trial court stayed “the proceedings in this cause[,]” id., including, presumably, Es-mond’s examination by Dr. Masbaum. Even if Esmond’s mental condition improves and the stay is ultimately lifted, it is doubtful whether his counsel will be able to effectively cross-examine Dr. Masbaum about the examination. At the very least, Esmond’s counsel could seek— and should be granted — an opportunity to record the examination to protect Es-mond’s Sixth Amendment right to confront the witnesses against him. See Ind. Trial Rule 26(C) (authorizing trial court to make an order, upon motion by any party, “that the discovery may be had only on specified terms and conditions”); Jacob v. Chaplin, 639 N.E.2d 1010, 1013 (Ind.1994) (finding no abuse of discretion in allowing personal-injury plaintiff to tape-record conversations during medical examination requested by defendants: “In permitting the examination ordered in this case to be recorded, the trial court properly exercised its discretion and recognized the justness of permitting recording to take place in an open manner, in the absence of some overriding reason to prohibit that recording. We also fail to see any reason why electronic recording of the examination would in and of itself impede an examiner’s ability to conduct a fair and complete examination.”).
If recording a medical examination is unproblematic in a civil case, I can think of no “overriding reason” to prohibit the recording of a psychiatric examination by the State’s expert in a criminal case. Except in limited situations, an audiovisual recording must be made of a stationhouse custodial interrogation in order for the defendant’s statements to be admissible at trial. Ind. Evidence Rule 617. The recording protects the interests of both parties and can greatly assist the jury in determining *220 the truth at trial. The reasons for recording a psychiatric examination by the State’s expert are even more compelling, because the defendant has already been charged with a crime and the success of his insanity defense may ultimately depend on his counsel’s questioning of the expert.
Because Dr. Masbaum was not appointed by the trial court, he cannot be considered disinterested, as were the court-appointed experts in Williams. And although Dr. Masbaum may not be Es-mond’s adversary, he is the agent of the adversary, which is seeking to disprove Esmond’s insanity defense. In Taylor, the court acknowledged that “[t]here will be cases ... in which the defendant makes statements during [a psychiatric] interview that are both probative of his sanity at the time of the crime and incriminating.” 659 N.E.2d at 541. Such statements may be admitted if “if the prejudice to the defendant does not substantially outweigh [their] probative value[.]” Id. In light of the foregoing, one could argue that a psychiatric examination by the State’s expert does indeed involve intricacies of the law, even though the expert is not an attorney and may not use the examination to gather evidence of guilt.[7] For all these reasons, I believe that our supreme court should revisit Williams and Taylor and reconsider its presumption that the Sixth Amendment does not entitle a criminal defendant to the assistance of counsel during a psychiatric examination by the State’s expert. And although Esmond does not raise a separate argument under the Indiana Constitution, it bears repeating that Article 1, Section 13 “affords citizens greater protection than its federal counterpart[.]” Hall, 870 N.E.2d at 460.

. Unlike Esmond, Taylor did not assert that counsel should have been present during the examination. Instead, he complained that “the defense was not notified that [the] examination would touch on the events surrounding *219 the crime itself and that the [examiner] would testify concerning Taylor's statements about the [crime].” 659 N.E.2d at 540-41.

. The State cites several personal-injury cases suggesting that the presence of a party’s attorney during a medical examination could be disruptive and even interfere with the party's right to counsel because the attorney could potentially be called as a witness at trial. See, e.g., Wheat v. Biesecker, 125 F.R.D. 479 (N.D.Ind.1989). In a criminal case, however, those hypothetical concerns must be weighed against the defendant’s significant life and liberty interests, which are protected by the state and federal constitutions.